**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Marianas Hospitality Corporation,*
*dba Hyatt Regency Guam*



## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES. <br><br> Defendants. | CIVIL CASE NO. CV **07-00002** <br><br> **COMPLAINT** |

Plaintiff, MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, by way of its Complaint against the Defendants, alleges the following.

### *Preliminary Statement*

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, treble damages, costs and attorney's fees for unfair and deceptive conduct

Hyatt PBS Draft Complaint V3

and fraudulent conduct by the Defendants in violation of 18 U.S.C. §1961 and the law of Guam.

## *Jurisdiction*

2. This action is brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, and seeks damages and relief for violations of 18 U.S.C. § 1962. This Court has jurisdiction over this action by virtue of 18 U.S.C. § 1964(c) which provides that any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962 of this chapter may sue therefore in any appropriate United States district court.

3. This Court has jurisdiction over the other claims arising under Guam law asserted in this Complaint under this Court's supplemental jurisdictional powers pursuant to 28 U.S.C. § 1367, because the federal and Guam law claims form part of the same case or controversy under Article III of the United States Constitution.

## *Venue*

4. This action properly lies in the District of Guam, pursuant to 29 U.S.C. §1391(b). The Defendants reside in, are found in, transact business or are doing business in this District and the unlawful activities were carried out, in whole or in part, within this District.

## *Parties*

5. Plaintiff, Marianas Hospitality Corporation dba Hyatt Regency Guam ("MHC") is a corporation organized and existing under the laws of the Territory of Guam with its principal place of located at Tumon, Guam, is duly licensed to transact business in the Territory of Guam, and is in the business of managing the *Hyatt Regency Hotel* in Tumon, Guam.

6. Defendant Pacific Business Solutions, Inc. (hereinafter "Pacific Business Solutions"), is a corporation organized under the laws of Guam, and, on information and belief, has its principal place of business in the Territory of Guam, and at all relevant times, represented itself as a corporation licensed in the Territory of Guam to do business as a payroll agency.

7. Defendant, Premier Business Solutions, Inc. (hereinafter "Premier Business Solutions"), is a corporation organized under the laws of Guam, and, on information and belief, has its principal place of business in the Territory of Guam, and, at all relevant times, represented itself as a corporation licensed in the Territory of Guam to do business as a payroll agency.

8. Defendant Jesse C. Toves ("J. Toves") is an individual and is a resident and a citizen of the Territory of Guam, and at all relevant times, was President of Pacific Business Solutions and Premier Business Solutions, a director of Pacific Business Solutions and Premier Business Solution. On information and belief, Toves was a 40% shareholder of Pacific Business Solutions and 33% shareholder of Premier Business Solutions.

9. Defendant Anna Marie Toves ("A. Toves") is an individual and a resident and a citizen of the Territory of Guam and at all relevant times.

## *FACTS COMMON TO ALL CLAIMS FOR RELIEF*

10. In April of 2002, Pacific Business Solutions presented a proposal to provide payroll services for MHC.

11. MHC accepted the proposal and Pacific Business Solutions began providing payroll processing services to MHC in June 2002.

12. Under this Agreement MHC remitted funds to Pacific Business Solutions, either by way of cashier check or wire transfer to pay payroll, payroll taxes, including withholding of income

taxes, FICA and medicare taxes, and employee contributions with respect to the employees of MHC.

13. From July 2002 to February 2007, MHC remitted funds to Pacific Business Solutions to pay payroll, payroll taxes, and employee contributions for and with respect to MHC employees.

14. From July 2002 through February 2007, Defendants conducted payroll processing activity for wages and taxes for which MHC was liable to pay to its employees and to the Government.

15. Commencing on October 27, 2004, the third payroll quarter of 2004, Pacific Business Solutions engaged in a pattern and practice to defraud MHC.

16. More specifically:

   a. Pacific Business Solutions failed to pay payroll taxes to the Internal Revenue Service on behalf of MHC from the period commencing in October, 2004 through September 2006, in the amount of $340,173.21.

   b. Pacific Business Solutions failed to pay FICA and Medicare taxes to the Internal Revenue Service on behalf of MHC on the Due Dates specified in the Summary attached as **Exhibit "A"**, in the amount of $340,173.21.

   c. Pacific Business Solutions failure to pay MHC's payroll taxes resulted in charges of interest and penalty to MHC in the amount of $402,891.58.

   d. MHC has received a credit of $9,826.55 from the IRS and two payments from Pacific Business Solutions totaling $8,000.

17. Pacific Business Solutions' patterns of fraud with respect to its failure to pay payroll taxes to the Internal Revenue Service resulted in a total of $398,966.88 in outstanding taxes, $402,891.58 in penalties and interest.

18. In or about October 2006, A. Toves represented to MHC that Pacific Business Solutions changed its name to Premier Business Solutions. MHC began billing MHC for payroll services under Premier Business Solutions in October 2006.

## FIRST CLAIM FOR RELIEF

**CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY PURSUANT TO 18 U.S.C. §§ 1961(5) & 1962(c).**

19. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 18 of this Complaint as if all were fully set forth herein.

20. J. Toves amd A. Toves (collectively, the "Individual Defendants") formed a scheme or artifice to defraud or obtain money or property by means of false pretenses and representations from Plaintiff.

21. Pacific Business Solutions and Premier Business Solutions (collectively "PBSI") and the Individual Defendants used the United States mails or the interstate or international wires or caused such use, in furtherance of this scheme.

22. PBSI and the Individual Defendants acted with specific intent to deceive or defraud MHC.

23. PBSI and the Individual Defendants received payroll funds from MHC, in trust, and represented that PBSI would pay for, among other things, MHC employees' taxes, FICA and Medicare, and payroll.

24. PBSI and the Individual Defendants did not disclose to MHC that it did not pay MHC employees' FICA and Medicare taxes as alleged in this Complaint.

25. PBSI and the Individual Defendants used the funds provided by MHC for MHC's payroll and payroll taxes for PBSI's and/or the Individual Defendants use, without MHC's knowledge or consent.

26. Through the enterprise, PBSI and the Individual Defendants provided false and misleading statements to MHC regarding the payment of payroll withholding, FICA and Medicare taxes, and put other documents in furtherance of the scheme in the US Mail, and thereby committed the crime of Mail Fraud, as defined under 18 U.S.C. § 1341.

27. Through the enterprise, and in furtherance of the scheme, PBSI provided intentionally false assurances to MHC via telephone and fax, and thereby committed the crime of Wire Fraud, as defined under 18 U.S.C. § 1343.

28. PBSI and the Individual Defendants, and each of them thereby violated 18 U.S.C. §1341 and 18 U.S.C. §1343, respectively.

29. Upon information and belief, PBSI and the Individual Defendants have schemed to defraud the United States and the Government of Guam by evading taxes, in violation of 26 U.S.C. §7201, which is punishable by a fine of $100,000.00 ($500,000.00 for corporate defendants) and imprisonment of not more than five years, or both.

30. The PBSI and the Individual Defendants participated, either directly or indirectly, in the conduct of the affairs of the RICO enterprise, Pacific Business Solutions, through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(4), (5), (9) and 1962(c).

31. As alleged above, PBSI and the Individual Defendants have engaged in, either directly or indirectly, or aided and abetted in a pattern of acts of (a) mail fraud, in violation of 18 U.S.C. §1341; (b) wire fraud, in violation of 18 U.S.C. § 1343; (c) criminal tax evasion in violation of 26 U.S.C. §7201 which in turn constitutes mail and wire fraud in violation of 18

U.S.C. §§1341 and 1343; all of which constitute "racketeering activity" as that term is defined in 18 U.S.C. §1961(1). Each such act of racketeering activity had a similar purpose, which involved the same or similar participants and methods of commission, and had similar results and impact on the same victim, namely Plaintiff, and the conspiracy began in October 2004 and continued through April 2006. These acts constitute a "pattern of racketeering activity" as that term is defined in 18 U.S.C. §1961(5).

32. Since October 2004, PBSI and the Individual Defendants committed two or more of the RICO predicate acts set forth above as defined by 18 U.S.C § 1961(1)(A) and (B) and did so in violation of the RICO law 18 U.S.C. § 1962(c).

33. Plaintiff has made a demand upon PBSI for reimbursement of the funds remitted to PBSI for payment of MHC's payroll taxes and unemployment contributions where such payment was not made on behalf of MHC. PBSI has indicated that it will make reimbursement, but could not provide a schedule for said reimbursement.

34. The enterprise that existed for the purpose of 18 U.S.C. §1961 *et seq.* is the association-in-fact of all Defendants, PBSI and Individual Defendants with a common purpose of providing payroll services.

35. In violation of 18 U.S.C. § 1962(a), (c) and (d), PBSI and Individual Defendants conspired to deprive and did deprive substantial proceeds through the above-described pattern of racketeering activity and conspired to use or invest and used or invested such proceeds in the establishment or operation of that enterprise and participated in the affairs of that enterprise through a pattern of racketeering activity.

36. The foregoing enterprise was engaged in activities which affect interstate commerce and PBSI and the Individual Defendants were enriched by the proceeds of multiple acts of racketeering activity as defined in 18 U.S.C. §1961.

37. Plaintiff has suffered injury to its property by reason of PBSI and the Individual Defendants' multiple violations of 18 U.S.C. §1961.

38. RICO's civil remedies provision, 18 U.S.C. § 1964(c) provides that any person injured in his business or property by reason of a violation of § 1962 shall recover threefold the damages he sustains and the cost of the suit including reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

### CONSPIRACY IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY: 18 U.S.C. §§ 1861(5) and 1972(d)

39. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 38 of this Complaint as if all were fully set forth herein.

40. Title 18 U.S.C. § 1962(d) makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

41. On information and belief, PBSI and the Individual Defendants agreed to conspire and commit the scheme detailed above, approved of and agreed to commit the RICO predicate acts as alleged above, and knew that those acts were part of a pattern of racketeering activity.

42. PBSI and the Individual Defendants illegally took funds from MHC and MHC as a result of the RICO predicate acts detailed above was damaged.

//
//

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

43. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 42 of this Complaint as if all were fully set forth herein.

44. Plaintiff has and had performed all conditions precedent of the payroll services agreement with Pacific Business Solutions.

45. Under the Agreement, PBSI contractually agreed and was contractually bound to pay all payroll funds remitted to it by MHC to MHC's employees and to pay, therefrom, taxes to the Government of Guam and the United States Internal Revenue Service.

46. Under the Agreement, PBSI stood in a fiduciary relationship to MHC and to the employees of MHC, receiving the payroll monies from MHC to be held in trust and to be paid out to the employees and to the governmental taxing authorities.

47. As a fiduciary handling funds in trust for MHC, PBSI was bound to provide MHC with accountings of the payroll funds remitted to it by MHC.

48. PBSI breached the Agreement by failing to pay payroll amounts to MHC's employees and by failing with withhold and pay taxes to the Internal Revenue Service as alleged above.

49. As a result of PBSI's breach of the Agreement, MHC incurred damages in the approximate amount of $340,173.21, plus penalties and interest in the amount of $402,891.58, due to PBSI' illegal and wrongful detention of payroll funds remitted to PBSI by MHC and due to MHC's employees and to the Internal Revenue Service.

50. As a result of PBSI's breach, MHC was forced to and did incur the loss of employee time and additional expenses to investigate and update the status of payroll account files and to

Hyatt PBS Draft Complaint V3

Case 1:07-cv-00002     Document 1     9     Filed 02/28/2007     Page 9 of 18

contact various governmental agencies to make the due and correct payments that Defendant failed to make.

## FOURTH CLAIM FOR RELIEF

### CONVERSION

51. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 50 of this Complaint as if all were fully set forth herein.

52. As alleged above and upon information and belief, PBSI and the Individual Defendants, obtained the payroll monies from MHC to be held and administered in trust and to be paid to MHC's employees and to the governmental taxing authorities, and converted these monies, as alleged above, to their own use.

53. As a result of Defendants' conversion of the payroll monies, MHC has incurred damages in the approximate amount of $733,238.24 (amount of outstanding tax liability plus penalties and interest).

54. This conversion of the payroll funds was done fraudulently, willfully, intentionally and with malice.

55. As a result of PBSI's breach, MHC was forced to and did incur the loss of employee time and additional expenses to investigate and update the status of payroll account files and to contact various governmental agencies to make the due and correct payments that Defendant failed to make.

56. As a further result of Defendants' wrongful conversion, MHC was forced to and did incur attorneys' fees and costs in attempts to negotiate settlement of this matter and to bring this action.

57. In addition, MHC is entitled to recover exemplary damages against the Defendants.

## FIFTH CLAIM FOR RELIEF

## FRAUD

58. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 57 of this Complaint as if all were fully set forth herein.

59. The aforementioned and alleged conduct of Defendants constitutes fraud upon MHC as a result of which MHC suffered injury.

60. MHC was damaged by the Defendants' fraud in an amount to be proven at trial.

61. MHC is entitled to exemplary damages from the Defendants for their fraud.

## SIXTH CLAIM FOR RELIEF

## DISREGARD OF CORPORATE ENTITY

62. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 61 of this Complaint as if all were fully set forth herein.

63. On information and belief Pacific Business Solutions and Premier Business Solutions were and are a mere sham and shell organized and operated as the alter-ego of the Individual Defendants for their personal benefit and advantage, in that Pacific Business Solutions and Premier Business Solutions corporations were grossly undercapitalized and the Individual Defendants at all times mentioned in the Complaint exercised total dominion and control over the corporations. The Individual Defendants at all relevant times were the controlling officers and directors of PBSI, and they owned or controlled PBSI.

64. The Individual Defendants commingled their personal financial affairs or funds with PBSI such that PBSI was, and is, the alter-ego of the Individual Defendants.

//

## SEVENTH CLAIM FOR RELIEF

## DIRECTOR'S LIABILITY

65. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 64 of this Complaint as if all were fully set forth herein.

66. In the role of directors of PBSI, the Individual Defendants caused the corporation to create, continue and expand the intake and receipt of payroll funds and accounts from MHC, without the ability or intention to properly pay or return the payroll funds as alleged above.

67. The Individual Defendants as directors were either aware of said wrongdoing on the part of PBSI, or negligently failed in their role as directors to become aware of said wrongdoing, thereby rendering them personally liable to MHC.

## EIGHTH CLAIM FOR RELIEF

## ACCOUNTING AND RESTITUTION

68. Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 67 of this Complaint as if all were fully set forth herein.

69. PBSI was the actual agent of MHC and owed a duty to account to MHC for the payroll funds remitted to PBSI for the purpose of payroll administration, including the payment of MHC employees and taxes.

70. MHC has, on several occasions, demanded an accounting.

71. Notwithstanding these demands, PBSI has refused and failed to provide a full and complete accounting and the restitution of funds that have been remitted to PBSI for MHC FICA and Medicare taxes but were not used for MHC payroll purposes.

//

//

## Prayers for Relief

## FIRST CLAIM FOR RELIEF

CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE
THROUGH A PATTERN OF RACKETEERING ACTIVITY:
18 U.S.C. §§ 1961(5), 1962(c)

**WHEREFORE**, pursuant to 18 U.S.C. § 1964, Plaintiff requests judgment against Defendants as follows:

A. That the Court find that Defendants, jointly and severally, conducted and/or participated, directly or indirectly, in the affairs of a RICO enterprise, Pacific Business Solutions/Premier Business Solutions, through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c).

B. That Defendants, jointly and severally, be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s).

C. That judgment be entered for Plaintiff and against Defendants, jointly and severally, for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

D. That Defendants, jointly and severally, pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. § 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

E. That Defendants, jointly and severally, pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. § 1962(c), according to proof at trial.

F.  That Defendants, jointly and severally, pay to Plaintiff the costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees.

G.  That all damages caused by Defendants, jointly and severally, and all gains, profits, and advantages derived by Defendants, jointly and severally, from the several acts of racketeering in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, for the benefit of Plaintiff, its successors and assigns.

H.  That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## SECOND CLAIM FOR RELIEF

CONSPIRACY IN A RICO ENTERPRISE THROUGH A
PATTERN OF RACKETEERING ACTIVITY: 18 U.S.C. §§
1861(5) and 1972(d)

**WHEREFORE**, pursuant to 18 U.S.C. § 1964, Plaintiffs request judgment against Defendants as follows:

A.  That the Court find that Defendants, jointly and severally, conducted and/or participated, directly or indirectly, in the affairs of a RICO enterprise, Pacific Business Solutions, through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c).

B.  That Defendants, jointly and severally, be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s).

C.     That judgment be entered for Plaintiff and against Defendants, jointly and severally, for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

D.     That Defendants, jointly and severally, pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. § 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

E.     That Defendants, jointly and severally, pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. § 1962(c), according to proof at trial.

F.     That Defendants, jointly and severally, pay to Plaintiff the costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees.

G.     That all damages caused by Defendants, jointly and severally, and all gains, profits, and advantages derived by Defendants, jointly and severally, from the several acts of racketeering in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, for the benefit of Plaintiff, its successors and assigns.

H.     That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## CLAIMS FOR RELIEF THREE THOUGH EIGHT

For Claims for Relief Three through Eight, Plaintiff prays for the following:

A.     For judgment against the Defendants in the amount of $728,238.24 or such sum as may be proven at trial, plus interest at the legal rate from October 14, 2005, to the date of judgment

and interest from the date of judgment until all sums due are paid in full,, with all Defendants to be held jointly and severally liable;

B.  For consequential damages against the Defendant, jointly and severally, in an amount to be proved at trial;

C.  For punitive damages against the Defendants in an amount to be proved at trial;

D.  That the Defendants be ordered to provide an accounting to Plaintiff of the administration and allocation of all monies provided to Defendants for purposes of payroll administration for the period from October 14, 2004 to February 2007, and that such accounting shall include the employees' names, Plaintiff account numbers, the amount of money received for each payroll period and the date on which it was received, the amount of money paid to each employee for each payroll period and the date of payment, the amount of money paid for withholding, FICA and Medicare for each employee for each payroll period and the date of the payment, and the amount of money remaining after all payments for the payroll period were paid out to the employee or as taxes;

E.  That the Defendants be ordered to pay to Plaintiff by way of restitution, all payroll monies received by PBSI and not paid to MHC employees or withholding or payroll taxes for the period from October 14, 2004 to February 2007;

F   For attorney's fees and costs of suit incurred in this action; and

G.  For such other and further relief as the court deems just and proper.

//

DATED at Hagåtña, Guam, this 28th day of February, 2007.

> CIVILLE & TANG, PLLC
>
> By: _____
> G. PATRICK CIVILLE
> *Attorneys for Plaintiff*
> *Marianas Hospitality Corporation,*
> *dba Hyatt Regency Guam*

# HYATT REGENCY GUAM
## RECONCILIATION OF IRS TAX BILL OUTSTANDING
## AS AT JANUARY 1, 2007

| Qtr Ended | Tax Liability | Interest & Penalties | Credits from IRS | Payments from PBSI | GL Balance |
|---|---|---|---|---|---|
| Q1 2004 | - | | | | |
| Q2 2004 | - | 75,420.56 | | | |
| Q3 2004 | - | 22,967.46 | | | |
| Q4 2004 | - | - | | | |
| Q1 2005 | 141,879.28 | - | | | |
| Q2 2005 | 2,531.93 | 267,438.13 | | | |
| Q3 2005 | 301.68 | - | | | |
| Q4 2005 | 152,182.10 | 68,559.07 | | | |
| Q1 2006 | - | 53,352.87 | | | |
| Q2 2006 | - | 31,762.02 | | | |
| Q3 2006 | 43,278.22 | - | | | |
| Unallocated | | (116,608.53) | (9,826.55) | (5,000.00) | |
| Total | 340,173.21 | 402,891.58 | (9,826.55) | (5,000.00) | 728,238.24 |

|   |   |
|---|---|
| Ledger Balance as at November 2006 | 733,238.24 |
| Receipts in December | (5,000.00) |
| Notional Balance | 728,238.24 |

# EXHIBIT A