**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Marianas Hospitality Corporation,*
*dba Hyatt Regency Guam*



**FILED**
DISTRICT COURT OF GUAM
MAR 16 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

MARIANAS HOSPITALITY
CORPORATION, dba HYATT REGENCY
GUAM,

Plaintiff,

vs

PREMIER BUSINESS SOLUTIONS, INC.,
PACIFIC BUSINESS SOLUTIONS, INC.,
ANNA MARIE TOVES, AND JESSE C.
TOVES.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV 07-00002

**FIRST AMENDED COMPLAINT**

Plaintiff, MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY

GUAM, by way of its First Amended Complaint ("FAC") against the Defendants, alleges the

following.

### *Preliminary Statement*

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and

punitive damages, treble damages, costs and attorney's fees for unfair and deceptive conduct

and fraudulent conduct by the Defendants in violation of 18 U.S.C. §1961 and the law of
Guam.

### *Jurisdiction*

2.      This action is brought under the Racketeer Influenced and Corrupt Organizations Act
("RICO"), 18 U.S.C. § 1961 *et seq.*, and seeks damages and relief for violations of 18 U.S.C. §
1962. This Court has jurisdiction over this action by virtue of 18 U.S.C. § 1964(c) which
provides that any person injured in his business or property by reason of a violation of 18
U.S.C. § 1962 of this chapter may sue therefore in any appropriate United States district court.

3.      This Court has jurisdiction over the other claims arising under Guam law asserted in
this Complaint under this Court's supplemental jurisdictional powers pursuant to 28 U.S.C. §
1367, because the federal and Guam law claims form part of the same case or controversy
under Article III of the United States Constitution.

### *Venue*

4.      This action properly lies in the District of Guam, pursuant to 29 U.S.C. §1391(b). The
Defendants reside in, are found in , transact business or are doing business in this District and
the unlawful activities were carried out, in whole or in part, within this District.

### *Parties*

5.      Plaintiff, Marianas Hospitality Corporation dba Hyatt Regency Guam ("MHC") is a
corporation organized and existing under the laws of the Territory of Guam with its principal
place of business located at Tumon, Guam, is duly licensed to transact business in the Territory
of Guam, and is in the business of managing the *Hyatt Regency Hotel* in Tumon, Guam.

6.     Defendant Jesse C. Toves ("J. Toves") is an individual and is a resident and a citizen of the Territory of Guam, and at all relevant times, was President of Pacific Business Solutions and Premier Business Solutions, and a director of Pacific Business Solutions and Premier Business Solution. On information and belief, J. Toves was a 40% shareholder of Pacific Business Solutions and 33% shareholder of Premier Business Solutions.

7.     Defendant Anna Marie Toves ("A. Toves") is an individual and a resident and a citizen of the Territory of Guam and at all relevant times was the manager of Pacific Business Solutions and Premier Business Solutions, who represented and held herself out to be a person with the authority to direct the affairs of both entities.

8.     Defendant Pacific Business Solutions, Inc. (hereinafter "Pacific Business Solutions"), is a corporation organized under the laws of Guam, and, on information and belief, has its principal place of business in the Territory of Guam, and at all relevant times, represented itself as a corporation licensed in the Territory of Guam to do business as a payroll agency. It is an enterprise owned or operated by the Defendants J. Toves and A. Toves within the definition contained in RICO, 18 U.S.C. § 1961(4).

9.     Defendant, Premier Business Solutions, Inc. (hereinafter "Premier Business Solutions"), is a corporation organized under the laws of Guam, and, on information and belief, has its principal place of business in the Territory of Guam, and, at all relevant times, represented itself as a corporation licensed in the Territory of Guam to do business as a payroll agency. It is an enterprise owned or operated by the Defendants J. Toves and A. Toves within the definition contained in RICO, 18 U.S.C. § 1961(4).

## *FACTS COMMON TO ALL CLAIMS FOR RELIEF*

10.     In April of 2002, Pacific Business Solutions presented a proposal to provide payroll
services for MHC.

11.     MHC accepted the proposal and Pacific Business Solutions began providing payroll
processing services to MHC in June 2002.

12.     Under this Agreement MHC remitted funds to Pacific Business Solutions, either by way
of cashier check or wire transfer, to pay payroll, payroll taxes, including withholding of income
taxes, FICA and medicare taxes, and employee contributions with respect to the employees of
MHC.

13.     On June 29, 1999, Pacific Business Solutions, Inc. was organized by J. Toves owning
2,000 shares, Jesus L. Perez owning 1,500 shares, and Rodney J. Anulao owning 1,500 shares.

14.     Pacific Business Solutions has never been licensed to perform payroll and tax payment
services.

15.     On February 3, 2004, Premier Business Solutions, Inc. was organized by Jesse C. Toves
owning 333 shares, Steffen Niu owning 333 shares, Dave Hicks owning 333 shares, and Peter
F. Perez owning 1 share.

16.     Premier Business Solutions obtained a business license to sell computer hardware and
software, and also to provide software consulting services. Premier Business Solutions has
never been licensed to perform payroll and tax payment services.

17.     At all times mentioned herein, J. Toves and A. Toves operated and managed Pacific
Business Solutions and Premier Business Solutions.

18.     From July 2002 to February 2007, MHC remitted funds to Pacific Business Solutions'
bank account at Citizens Security Bank and Bank of Guam, to pay payroll, payroll taxes,

including withholding of income taxes, FICA and medicare taxes, and employee contributions with respect to the employees of MHC. Funds were also made available through MHC's Bank of Hawaii account by cashier's check, which Anna Toves picked up for deposit.

19. At all times mentioned herein, MHC authorized the use and deposit of funds by Pacific Business Solutions only to pay payroll, payroll taxes, including withholding of income taxes, FICA and medicare taxes, and employee contributions with respect to the employees of MHC. MHC did not at any time authorize Premier Business Solutions to use the payroll funds for any other purpose.

20. In or about October 2006, A. Toves represented to the Hyatt that "Pacific Business Solutions" had changed its name to "Premier Business Solutions."

21. In reliance on the representation of A. Toves, beginning in October 2006, MHC paid invoices for payroll processing services purportedly performed by Premier Business Solutions, which were identical to the services previously provided by Pacific Business Solutions.

22. From July 2002 through February 2007, Defendants conducted payroll processing for wages and taxes which MHC was liable to pay to its employees and to the Government of Guam and the Internal Revenue Service ("IRS").

23. Commencing on October 27, 2004, the third payroll quarter of 2004, the Defendants J. Toves and A. Toves (collectively referred to as the "Individual Defendants") engaged in a pattern and practice to defraud MHC.

24. The Individual Defendants formed a scheme to defraud MHC of its payroll monies in which MHC would send payroll monies to Pacific Business Solutions for the purpose of the payment of payroll and local and federal taxes and the Individual Defendants would thereupon not pay the required taxes but would instead divert the monies for other purposes.

25.     The Individual Defendants knowingly and intentionally misrepresented to MHC that the taxes had been paid for the purpose of covering up the diversion of the monies and to induce or cause MHC to continue to remit payroll monies in reliance on the representations that the taxes had been or were being paid.

26.     At all times mentioned herein, MHC timely transferred or made available the requisite funds to Pacific Business Solution prior to the date on which payroll and taxes were due.

27.     Although funds were timely transferred to Pacific Business Solution to pay the Hyatt employees' FICA and Medicare taxes, the Defendants failed to pay FICA and Medicare payments to the IRS for certain payroll periods, and also failed to timely pay the taxes when due. The delay caused MHC to incur substantial interest and penalty charges.

28.     The Defendants failed to pay the FICA and Medicare taxes due for Hyatt employees on the following dates and in the following amounts:

| | Payroll Date | Amount FICA & Medicare Due | FICA & Medicare Due | Date Paid to IRS by PBSI | Interest & Penalty Paid by MHC | Unpaid FICA & Medicare |
|---|---|---|---|---|---|---|
| 1. | 2nd Quarter 2004 | | | | | |
| | 4/12/04 | $42,751.20 | 4/21/04 | 5/7/04 | | |
| | 4/28/04 | $42,559.88 | 5/5/04 | 5/21/04 | | |
| | 5/12/04 | $44,730.74 | 5/19/04 | 6/2/04 | | |
| | 5/26/04 | $42,738.64 | 6/2/04 | 6/18/04 | | |
| | 6/09/04 | $44,352.00 | 6/16/04 | 7/2/04 | Total 2nd Qtr. | |
| | 6/23/04 | $42,541.98 | 6/30/04 | 7/16/04 | $75,420.56 | |
| 2. | 3rd Quarter 2004 | | | | | |
| | 7/7/04 | $42,803.26 | 7/14/04 | 8/3/04 | | |
| | 7/21/04 | $43,872.29 | 7/28/04 | 8/13/04 | | |
| | 8/4/04 | $44,142.17 | 8/11/04 | 8/30/06 | | |
| | 8/18/04 | $42,597.78 | 8/25/04 | 9/10/04 | | |
| | 9/1/04 | $44,997.10 | 9/8/04 | 9/27/04 | | |
| | 9/15/04 | $43,892.58 | 9/22/04 | 10/8/04 | Total 3rd Qtr. | |
| | 9/29/04 | $43,813.06 | 10/6/04 | 11/8/04 | $22,967.46 | |
| 3. | 1st Quarter 2005 | | | | | |
| | 2/16/05 | $47,587.32 | 2/23/05 | Not Paid | | $47,587.32 |
| | 3/16/05 | $46,881.77 | 3/23/05 | Not Paid | | $46,881.77 |
| | 3/30/05 | $47,410.19 | 4/6/05 | Not Paid | | $47,410.19 |

| | Payroll Date | Amount FICA & Medicare Due | FICA & Medicare Due | Date Paid to IRS by PBSI | Interest & Penalty Paid by MHC | Unpaid FICA & Medicare |
|---|---|---|---|---|---|---|
| 4. | 2nd Quarter 2005 | | | | | |
| | 4/13/05 | $46,535.58 | 4/20/05 | 8/29/05 | | |
| | 4/27/05 | $46,790.68 | 5/4/05 | 8/29/05 | | |
| | 5/11/05 | $51,089.68 | 5/18/05 | 8/29/05 | | |
| | 5/25/05 | $48,930.56 | 6/1/05 | 8/29/05 | | |
| | 6/8/05 | $50,263.73 | 6/15/05 | 8/29/05 | Total 2nd Qtr. $267,438.13 | |
| | 6/22/05 | $48,750.45 | 6/29/05 | 8/29/05 (partial pmt.) | | $2,531.93 |
| 5. | 3rd Quarter 2005 | | | | | |
| | 7/6/05 | $48,761.26 | 7/13/05 | 11/4/05 (partial pmt.) | | $301.68 |
| 6. | 4th Quarter 2005 | | | | | |
| | 10/26/05 | $49,934.64 | 11/2/05 | Not Paid | | $49,934.64 |
| | 11/23/05 | $49,948.65 | 11/30/05 | Not Paid | Total 4th Qtr. $68,559.07 | $49,948.65 |
| | 12/21/05 | $52,298.80 | 12/28/05 | Not Paid | | $52,298.80 |
| 7. | 1st Quarter 2006 | | | | | |
| | 1/4/06 | $52,606.68 | 1/11/06 | 2/6/06 | | |
| | 1/18/06 | $56,520.78 | 1/25/06 | 2/6/06 | | |
| | 2/1/06 | $52,318.04 | 2/8/06 | 8/4/06 | | |
| | 2/15/06 | $50,283.56 | 2/22/06 | 8/4/06 | | |
| | 3/1/06 | $57,137.92 | 3/8/06 | 8/4/06 | | |
| | 3/15/06 | $50,160.44 | 3/22/06 | 8/4/06 | Total 1st Qtr. $53,352.87 | |
| | 3/29/06 | $56,035.14 | 4/5/06 | 8/4/06 | | |
| 8. | 2nd Quarter 2006 | | | | | |
| | 4/12/06 | $71,955.40 | 4/19/06 | 8/7/06 | | |
| | 4/26/06 | $48,420.60 | 5/3/06 | 8/7/06 | | |
| | 5/10/06 | $46,621.38 | 5/17/06 | 8/7/06 | | |
| | 5/24/06 | $44,927.94 | 5/31/06 | 8/7/06 | | |
| | 6/7/06 | $44,597.78 | 6/14/06 | 8/9/06 | Total 2nd Qtr. 31,762.02 | |
| | 6/21/06 | $43,274.72 | 6/28/06 | 8/9.06 | | |
| 9. | 3rd Quarter 2006 | | | | | |
| | 8/2/06 | $43,278.22 | 8/9/06 | Not Paid | | 43,278.22 |

29.    In furtherance of the scheme to deceive and defraud MHC, Defendant A. Toves sent by

Certified Mail through the United States mail to the IRS in Honolulu, Hawaii, 941-SS forms

that falsely stated that the FICA and Medicare taxes had been paid, these mailings being for the

purpose of completing the scheme and to prevent its detection by MHC. Defendant A. Toves sent copies of the 941SS and Certified Mail Receipts to MHC.

30. On May 2, 2005, Defendant A. Toves, sent by United States mail to the IRS in Honolulu, Hawaii, Form 941-SS which showed that the FICA and Medicare taxes for the 1st Quarter of 2005 had been paid. A. Toves knew at the time of sending the Form 941-SS that the taxes had not been paid. This form was mailed in furtherance of the scheme to divert MHC payroll monies and was for the purpose of completing the scheme and preventing its detection by MHC. Defendant A. Toves sent copies of the 941SS and Certified Mail Receipts to MHC.

31. On July 30, 2005, Defendant A. Toves, sent by United States mail to the IRS in Honolulu, Hawaii, Form 941-SS which showed that the FICA and Medicare taxes for the 2nd Quarter of 2005 had been paid. A. Toves knew at the time of sending the Form 941-SS that the taxes had not been paid. This form was mailed in furtherance of the scheme to divert MHC payroll monies and was for the purpose of completing the scheme and preventing its detection by MHC. Defendant A. Toves sent copies of the 941SS and Certified Mail Receipts to MHC.

32. In furtherance of the scheme to deceive and defraud MHC, Defendant A. Toves sent an email on March 2, 2006, to Richard Reyes, a Hyatt employee, which was through interstate channels, representing that she had contacted the IRS agent, and that the IRS agreed to suspend collection activities. The email was sent with the specific intent to deceive or defraud MHC in furtherance of the scheme, and to falsely assure MHC that the tax payments had been made and that it was an error on the IRS' part.

33. On May 5, 2006, Defendant A. Toves, sent a letter by facsimile to the IRS agent in Honolulu, Hawaii, purporting to explain why payments for the 2nd and 3rd Quarters of 2004 were not paid. A copy of the facsimile letter was provided to MHC by A. Toves with the

specific intent to deceive or defraud MHC in furtherance of the scheme and to falsely assure MHC that the tax payments had been made and that it was an error on the IRS' part.

34.     Between 2005 and 2007, the Individual Defendants, on a number of occasions, represented and assured MHC and Hyatt employees that the FICA and Medicare taxes had been paid.

35.     In October 2006, J. Toves met with Craig Sawers and other Hyatt representatives, and represented that all FICA and Medicare taxes prior to 2006 had been paid for Hyatt employees, when in fact, FICA and Medicare taxes for some of the periods prior to 2006 had not been paid. J. Toves knew that some FICA and Medicare taxes prior to 2006 had not been paid at the time the representations were made.

36.     MHC relied on the letter to IRS, 941-SS forms prepared and mailed to IRS, emails from A. Toves, and verbal representations from the Individual Defendants that the FICA and Medicare taxes had been paid when, in fact, they had not been paid.  The representations made in the letters, 941-SS forms, and emails were made in furtherance of the scheme to divert MHC payroll monies and were for the purpose of completing the scheme and preventing its detection by MHC.  MHC relied on said representations in making further payroll payments and in not taking action to pay the unpaid taxes.

37.     MHC justifiably relied on the representations of the Individual Defendants and continued to remit monies to Pacific Business Solutions for the payment of payroll taxes believing that the payroll taxes had been paid.

38.     Upon information and belief, the monies remitted to Pacific Business Solutions by MHC for the payment of taxes were diverted by the Individual Defendants to other purposes. These diversions were without the consent or knowledge of MHC.

39.     The Individual Defendants' pattern of fraud with respect to the deliberate failure to pay payroll taxes to the IRS resulted in IRS assessing a total of $340,173.21 in outstanding taxes and $402,891.58 in penalties and interest.

40.     In December 2006, two checks dated December 7, 2006, issued by PBSI to Hyatt employees Ji Sun Oh in the amount of $282.97 and Mi-Ae Lee in the amount of $282.97, were returned for insufficient funds even though MHC had given Pacific Business Solutions sufficient funds to cover the December 7th payroll checks.

### FIRST CLAIM FOR RELIEF

**CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY PURSUANT TO 18 U.S.C. §§ 1961(5) & 1962(c).**

41.     Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 40 of the FAC as if all were fully set forth herein.

42.     J. Toves and A. Toves formed a scheme or artifice to defraud or obtain money or property by means of false pretenses and representations from Plaintiff.

43.     The Individual Defendants used the United States mails or the interstate or international wires or caused such use, in furtherance of this scheme.

44.     The Individual Defendants acted with specific intent to deceive or defraud MHC.

45.     Pacific Business Solutions, Premier Business Solutions, and the Individual Defendants received payroll funds from MHC, in trust, and the Individual Defendants represented that PBSI would pay for, among other things, MHC's employees' taxes, FICA and Medicare, and payroll.

46.     The Individual Defendants did not disclose to MHC that they did not pay MHC employees' FICA and Medicare taxes as alleged in this Complaint and, in fact, the Individual Defendants affirmatively misrepresented, as alleged above, that the employees' FICA and Medicare taxes had been paid.

47.     The Individual Defendants used the funds provided by MHC for MHC's payroll and payroll taxes for PBSI's and/or the Individual Defendants use, without MHC's knowledge or consent.

48.     Through the enterprise, Pacific Business Solutions and Premier Business Solutions, and in furtherance of the scheme the Individual Defendants provided false and misleading statements to the IRS and MHC regarding the payment of payroll withholding, FICA and Medicare taxes, and put other documents in furtherance of the scheme in the US Mail, and thereby committed the crime of Mail Fraud, as defined under 18 U.S.C. § 1341.

49.     Through the enterprise, and in furtherance of the scheme, the Individual Defendants provided intentionally false assurances to MHC via email and fax, and thereby committed the crime of Wire Fraud, as defined under 18 U.S.C. § 1343.

50.     MHC justifiably relied on the representations of the Individual Defendants and continued to remit monies to Pacific Business Solutions for the payment of payroll taxes believing that the payroll taxes had been paid.

51.     The Individual Defendants, and each of them thereby violated 18 U.S.C. §1341 and 18 U.S.C. §1343, respectively.

52.     The the Individual Defendants participated, either directly or indirectly, in the conduct of the affairs of the RICO enterprise, Pacific Business Solutions, through a pattern of racketeering activity in violation of18 U.S.C. §§ 1961(4), (5), (9) and 1962(c).

53.     Since 2004 J. Toves and A. Toves committed two or more of the RICO predicate acts
set forth above as defined by 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the
Rico law 18 U.S.C. § 1962(c). Those predicate acts included:

    a.      A. Toves, through the enterprise, Pacific Business Solutions, provided false and

    misleading statements to MHC and the IRS regarding the payment of payroll

    withholding taxes and put other documents in furtherance of the scheme in the US

    Mail, and thereby committed the Mail Fraud, as defined under 18 U.S.C. § 1341, all as

    alleged above.

    b.      A. Toves, through the enterprise, Pacific Business Solutions, in furtherance of

    the scheme, provided intentionally false assurances to MHC and the IRS via email and

    facsimile and thereby committed the crime of Wire Fraud under 18 U.S.C. § 1343, all

    as alleged above.

54.     As alleged above, the Individual Defendants have engaged in, either directly or
indirectly, or aided and abetted in a pattern of acts of (a) mail fraud, in violation of 18 U.S.C.
§1341, and (b) wire fraud, in violation of 18 U.S.C. § 1343, all of which constitute
"racketeering activity" as that term is defined in 18 U.S.C. §1961(1).

55.     Each such act of racketeering activity had a similar purpose, which involved the same
or similar participants and methods of commission, and had similar results and impact on the
same victim, namely Plaintiff, and the conspiracy began in October 2004 and continued
through April 2006.  These acts constitute a "pattern of racketeering activity" as that term is
defined in 18 U.S.C. §1961(5).

56. Since October 2004, the Individual Defendants committed two or more of the RICO predicate acts set forth above as defined by 18 U.S.C § 1961(1)(A) and (B) and did so in violation of the RICO law 18 U.S.C. § 1962(c).

57. Plaintiff has made a demand upon PBSI and the Individual Defendants for reimbursement of the funds remitted to PBSI for payment of MHC's payroll taxes and unemployment contributions where such payment was not made on behalf of MHC.

58. J. Toves admitted in a letter dated November 16, 2006, to the IRS, that between July 2002 through August 2006, the Defendants "failed to timely deposit MHC's FICA taxes and to timely file MHC's Forms 941SS even though [they] had control of the funds and sole responsibility for making the deposit at the time the FICA taxes were due. . . . [They] admitted [their] failures only when [they] were confronted by the management of MHC and have agreed to repay MHC for the taxes that they had to double pay as a result of our actions."

59. The enterprise that existed for the purpose of 18 U.S.C. §1961 *et seq.* was Pacific Business Solutions and Premier Business Solutions.

60. In violation of 18 U.S.C. § 1962(c) and (d), Individual Defendants conspired to deprive and did deprive MHC of substantial proceeds through the above-described pattern of racketeering activity and conspired to use or invest and used or invested such proceeds in the establishment or operation of that enterprise and participated in the affairs of that enterprise through a pattern of racketeering activity.

61. The foregoing enterprise was engaged in activities which affect interstate commerce and the Individual Defendants were enriched by the proceeds of multiple acts of racketeering activity as defined in 18 U.S.C. §1961.

62.     Plaintiff has suffered injury to its property by reason of the Individual Defendants' multiple violations of 18 U.S.C. §1961.

63.     RICO's civil remedies provision, 18 U.S.C. § 1964(c) provides that any person injured in his business or property by reason of a violation of § 1962 shall recover threefold the damages he sustains and the cost of the suit including reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

### CONSPIRACY IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY: 18 U.S.C. §§ 1861(5) and 1962(d)

64.     Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 63 of the FAC as if all were fully set forth herein.

65.     Title 18 U.S.C. § 1962(d) makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

66.     Upon information and belief, from in or about October , 2006, and continuing at least until in or around November, 2006, defendant A. Toves and J. Toves did conspire and agree to conduct and participate, directly and indirectly, in the conduct of the affairs and activities of the enterprise, Pacific Systems Inc. and Pacific Solutions, Inc., through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and 1962(d), by each defendant agreeing to commit, approve of, or aid and abet the commission of at least two of the acts of racketeering activity as alleged above.

67.     As alleged above, the object of the conspiracy was to divert payroll funds received from MHC for purposes other than the payment of taxes and to conceal or cover up the diversion of the payroll funds and thereby to continue to receive payroll monies from MHC. Through the enterprise, the Individual Defendants, conspiring together, diverted the payroll monies as

alleged above and MHC was damaged as a result of the RICO predicate acts detailed above and committed pursuant to the conspiracy.

## THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT

68.     Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 67 of the FAC as if all were fully set forth herein.

69.     Plaintiff has and had performed all conditions precedent of the payroll services agreement with Pacific Business Solutions.

70.     Under the Agreement, PBSI contractually agreed and was contractually bound to pay all payroll funds remitted to it by MHC to MHC's employees and to pay, therefrom, taxes to the Government of Guam and the United States Internal Revenue Service.

71.     Under the Agreement, PBSI stood in a fiduciary relationship to MHC and to the employees of MHC, receiving the payroll monies from MHC to be held in trust and to be paid out to the employees and to the governmental taxing authorities.

72.     As a fiduciary handling funds in trust for MHC, PBSI was bound to provide MHC with accountings of the payroll funds remitted to it by MHC.

73.     PBSI breached the Agreement by failing to pay payroll amounts to MHC's employees and by failing with withhold and pay taxes to the Internal Revenue Service as alleged above.

74.     As a result of PBSI's breach of the Agreement, MHC incurred damages in the approximate amount of $340,173.21, plus penalties and interest in the amount of $402,891.58, due to PBSI' illegal and wrongful detention of payroll funds remitted to PBSI by MHC and due to MHC's employees and to the Internal Revenue Service.

75.     As a result of PBSI's breach, MHC was forced to and did incur the loss of employee

time and additional expenses to investigate and update the status of payroll account files and to

contact various governmental agencies to make the due and correct payments that Defendant

failed to make.

### FOURTH CLAIM FOR RELIEF

### CONVERSION

76.     Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1

through 75 of the FAC as if all were fully set forth herein.

77.     As alleged above and upon information and belief, PBSI and the Individual Defendants,

obtained the payroll monies from MHC to be held and administered in trust and to be paid to

MHC's employees and to the governmental taxing authorities, and converted these monies, as

alleged above, to their own use.

78.     As a result of Defendants' conversion of the payroll monies, MHC has incurred

damages in the approximate amount of $743,064.79 (amount of outstanding tax liability plus

penalties and interest).

79.     This conversion of the payroll funds was done fraudulently, willfully, intentionally and

with malice.

80.     As a result of PBSI's breach, MHC was forced to and did incur the loss of employee

time and additional expenses to investigate and update the status of payroll account files and to

contact various governmental agencies to make the due and correct payments that Defendant

failed to make.

81.    As a further result of Defendants' wrongful conversion, MHC was forced to and did

incur attorneys' fees and costs in attempts to negotiate settlement of this matter and to bring

this action.

82.    In addition, MHC is entitled to recover exemplary damages against the Defendants.

### FIFTH CLAIM FOR RELIEF

#### FRAUD

83.    Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1

through 82 of the FAC as if all were fully set forth herein.

84.    As alleged above, J. Toves and A. Toves, as employees or officers of PBSI intentionally

and knowingly made multiple fraudulent representations to MHC regarding the administration

of MHC's payroll and the handling of matters with the IRS.

85.    MHC had no knowledge of the falsity of the representations set forth above, and

reasonably relied on said representations. As a direct and proximate result of Defendants'

fraudulent misrepresentations, MHC was damaged.

86.    Pacific Business Solutions and Premier Business Solutions are vicariously liable for the

fraudulent misrepresentations of the Individual Defendants.

87.    The aforementioned and alleged conduct of Defendants constitutes fraud upon MHC as

a result of which MHC suffered injury.

88.    MHC was damaged by the Defendants' fraud in an amount to be proven at trial.

89.    Defendants' actions were malicious, taken without just cause or execuse and/or in

reckless disregard for the rights and well-being of MHC and were fraudulent and MHC is,

therefore, entitled to exemplary damages from the Defendants for their fraud.

## SIXTH CLAIM FOR RELIEF

### ACCOUNTING AND RESTITUTION

90.     Plaintiff re-alleges, repeats and incorporates by reference the allegations in Paragraphs 1 through 89 of the FAC as if all were fully set forth herein.

91.     PBSI was the actual agent of MHC and owed a duty to account to MHC for the payroll funds remitted to PBSI for the purpose of payroll administration, including the payment of MHC employees and taxes.

92.     MHC has, on several occasions, demanded an accounting.

93.     Notwithstanding these demands, PBSI has refused and failed to provide a full and complete accounting and the restitution of funds that have been remitted to PBSI for MHC FICA and Medicare taxes but were not used for MHC payroll purposes.

### *Prayers for Relief*

### FIRST CLAIM FOR RELIEF

CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE
THROUGH A PATTERN OF RACKETEERING ACTIVITY:
18 U.S.C. §§ 1961(5), 1962(c)

**WHEREFORE**, pursuant to 18 U.S.C. § 1964, Plaintiff requests judgment against Defendants as follows:

A.     That the Court find the Individual Defendants, jointly and severally, conducted and/or participated, directly or indirectly, in the affairs of a RICO enterprise, Pacific Business Solutions/Premier Business Solutions, through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c).

B.     That the Individual Defendants, jointly and severally, be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in

violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s).

C.     That judgment be entered for Plaintiff and against the Individual Defendants, jointly and severally, for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

D.     That the Individual Defendants, jointly and severally, pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. § 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

E.     That the Individual Defendants, jointly and severally, pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. § 1962(c), according to proof at trial.

F.     That the Individual Defendants, jointly and severally, pay to Plaintiff the costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees.

G.     That all damages caused by the Individual Defendants, jointly and severally, and all gains, profits, and advantages derived by the Individual Defendants, jointly and severally, from the several acts of racketeering in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, for the benefit of Plaintiff, its successors and assigns.

H.     That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## SECOND CLAIM FOR RELIEF

CONSPIRACY IN A RICO ENTERPRISE THROUGH A
PATTERN OF RACKETEERING ACTIVITY: 18 U.S.C. §§
1861(5) and 1962(d)

**WHEREFORE**, pursuant to 18 U.S.C. § 1964, Plaintiffs request judgment against A.

Toves and J. Toves as follows:

A. That the Court find that Individual Defendants, jointly and severally, conducted and/or participated, directly or indirectly, in the affairs of a RICO enterprise, Pacific Business Solutions, through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c).

B. That Individual Defendants, jointly and severally, be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of applicable State and federal law(s).

C. That judgment be entered for Plaintiff and against the Individual Defendants, jointly and severally, for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

D. That the Individual Defendants, jointly and severally, pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. § 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. § 1962(c), according to proof at trial.

E. That the Individual Defendants, jointly and severally, pay to Plaintiff all damages sustained by Plaintiff in consequence of the Individual Defendants' several violations of 18 U.S.C. § 1962(c), according to proof at trial.

F.     That the Individual Defendants, jointly and severally, pay to Plaintiff the costs of the

lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial

enforcement and all reasonable counsel's fees.

G.     That all damages caused by the Individual Defendants, jointly and severally, and all

gains, profits, and advantages derived by Defendants, jointly and severally, from the several

acts of racketeering in violation of 18 U.S.C. § 1962(c) and from all other violation(s) of

applicable State and federal law(s), be deemed to be held in constructive trust, for the benefit of

Plaintiff, its successors and assigns.

H.     That Plaintiff have such other and further relief as this Court deems just and proper,

under the circumstances of this action.

### THIRD CLAIM FOR RELIEF

BREACH OF CONTRACT

**WHEREFORE,** on theThird Claim for Relief for Breach of Contract, Plaintiff requests

judgment against Defendant Pacific Business Solutions, Inc. and Defendant Premier Business

Solutions as follows:

A.     That judgment be entered against Defendants Pacific Business Solutions, Inc. and

Defendant Premier Business Solutions in favor of Plaintiff in an amount to be proved at trial;

B.     That Plaintiff be awarded costs of this action; and

C.     That Plaintiff have such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### CONVERSION

**WHEREFORE,** on the Fourth Claim for Relief for Conversion Plaintiff requests judgment against Defendants J. Toves, A. Toves, Pacific Business Solutions, Inc. and Defendant Premier Business Solutions as follows:

A.     That judgment be entered, jointly and severally, against Defendants J. Toves, A. Toves, Pacific Business Solutions, Inc. and Defendant Premier Business Solutions in favor of Plaintiff in an amount to be proved at trial;

B.     That Plaintiff be awarded costs of this action; and

C.     That Plaintiff have such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### FRAUD

**WHEREFORE,** on the Fifth Claim for Relief for Fraud Plaintiff requests judgment against Defendants J. Toves, A. Toves, Pacific Business Solutions, Inc. and Defendant Premier Business Solutions as follows:

A.     That judgment be entered, jointly and severally, against Defendants J. Toves, A. Toves, Pacific Business Solutions, Inc. and Defendant Premier Business Solutions in favor of Plaintiff in an amount to be proved at trial;

B.     That Plaintiff be awarded exemplary damages against Defendants J. Toves, A. Toves, Pacific Business Solutions, Inc. and Premier Business Solutions;

C.     That Plaintiff be awarded costs of this action; and

D.     That Plaintiff have such other and further relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

### ACCOUNTING AND RESTITUTION

**WHEREFORE,** on the Sixth Claim for Relief, for Accounting and Restitution, Plaintiff requests judgment against Defendants J. Toves, A. Toves, Pacific Business Solutions, Inc. and Defendant Premier Business Solutions as follows:

A.      That the Defendants be ordered to provide an accounting to Plaintiff of the administration and allocation of all monies provided to Defendants for purposes of payroll administration for the period from February, 2004 to February 2007, and that such accounting shall include the employees' names, Plaintiff account numbers, the amount of money received for each payroll period and the date on which it was received, the amount of money paid to each employee for each payroll period and the date of payment, the amount of money paid for withholding, FICA and Medicare for each employee for each payroll period and the date of the payment, and the amount of money remaining after all payments for the payroll period were paid out to the employee or as taxes;

B.      That the Defendants be ordered to pay to Plaintiff by way of restitution, all payroll monies received by PBSI and not paid to MHC employees or withholding or payroll taxes for the period from February, 2004 to February 2007;

C.      For attorney's fees and costs of suit incurred in this action; and

D.      For such other and further relief as the court deems just and proper.


//

DATED at Hagåtña, Guam, this 16th day of March, 2007.

CIVILLE & TANG, PLLC

By:

G. PATRICK CIVILLE
*Attorneys for Plaintiff*
*Marianas Hospitality Corporation,*
*dba Hyatt Regency Guam*