**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendants*

**FILED**
DISTRICT COURT OF GUAM

APR 16 2007

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION dba HYATT REGENCY GUAM, ) ) ) ) | Civil Case No. CV-07-00002 |
| Plaintiff, ) ) | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| v. ) ) | **SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER** |
| PREMIER BUSINESS SOLUTIONS, INC., ) PACIFIC BUSINESS SOLUTIONS, INC., ) ANNA MARIE TOVES, AND JESSE C. ) TOVES. ) ) | **JURISDICTION AND FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MOTION FOR STAY OF DISCOVERY** |

----------

**TO:    To Plaintiffs and their attorneys of record, G. Patrick Civille, Esq., CIVILLE & TANG, PLLC, Suite 200, 330 Hernan Cortez, Avenue, Hagåtña, Guam 96910.**

### I.    PROCEDURAL HISTORY

On February 28, 2007, Plaintiff Marianas Hospitality Corporation dba Hyatt Regency Guam (" MHC") filed a complaint in the District Court of Guam against Premier Business Solutions, Inc., ("Premier"), Pacific Business Solutions, Inc., ("Pacific"), Anna Marie Toves

and Jesse C. Toves (hereinafter collectively referred to as "defendants"). Prior to defendants

moving against that complaint, plaintiff amended the complaint alleging that two federal claims,

namely that defendants both (1) conducted a RICO Enterprise through a pattern of racketeering

activity pursuant to 18 U.S.C. 1961(5) and 1962(c) and (2) Conspired in a RICO Enterprise

through a pattern of racketeering activity. Plaintiff also alleges that defendants breached a

contract; and engaged in conversion and fraud.[1] Finally, Plaintiff seeks an accounting and

restitution.

## II.    THE ALLEGATIONS OF THE COMPLAINT

The Amended Complaint alleges that defendant was retained to pay payroll taxes for

plaintiff in 2002 which plaintiff concedes it did until 2005. In 2005 on several occasions and on

one isolated occasion in 2006, however, Pacific failed to pay individual FICA and medicare taxes.

Plaintiff concludes that this is fraud and that the defendants formed an association-in-fact

enterprise consisting of Pacific and Premier, whose affairs they conducted through a pattern of

racketeering by depositing two Internal Revenue Service ("IRS") forms in the mail to the IRS in

May and July of 2005, and sending a letter to the IRS in May, 2006. *See* Plaintiff's First

Amended Complaint ("FAC") filed on March 16, 2007 at paragraphs 30, 31 and 33. Plaintiff

also alleges an intrastate e-mail and certain oral representations. *See* FAC at paragraphs 32, 34

and 35.

## III.    LAW

### A.    MOTION TO DISMISS

---

[1]Plaintiff's original Complaint included claims for disregard of corporate entity and director's liability. Plaintiff's original Complaint alleges claims which were denominated as claims which are forms of derivative liability rather than separate claims. Plaintiff must have realized these claims were not separate and in fact would destroy the "association in fact enterprise" element of a RICO claim and abandoned those claims.

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim will be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. *Cahil v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). Dismissal is proper where there is no cognizable legal theory or an absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacific Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). As we will show below there is no cognizable legal theory which will support Plaintiff's RICO claim.

Indeed, Plaintiffs' FAC must be dismissed for the following reasons:

1. Plaintiff has failed to allege a proper pattern of racketeering

2. Plaintiff has failed to allege a causal connection between the alleged injury and the predicate acts

3. Plaintiff has failed to allege facts to support a claim for conspiracy in a RICO enterprise through a pattern of racketeering

4. Plaintiff has failed to allege an association-in-fact enterprise

5. Plaintiff fails to allege facts sufficient to support a claim for Breach of Contract

6. Plaintiff fails to allege facts sufficient to support a claim for Conversion

7. Plaintiff fails to allege facts sufficient to support a claim for Fraud

8. Absent the RICO claim this court lacks subject matter jurisdiction

**B.** **THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER THE CORPORATE DEFENDANTS**

In the FAC the alleged RICO violations, the sole basis for federal jurisdiction, are alleged only against the Individual Defendants <u>not</u> the Corporate Defendants. This is not apparent until one reads the Prayers for Relief. In the prayer for relief judgment is <u>not</u> sought against the

1  Corporate Defendants, but only the Individual Defendants. Therefore, there is no basis for federal

2  jurisdiction over the Corporate Defendants.

3  Plaintiff could not allege a RICO claim against the Corporate Defendants because under

4  well settled law the Supreme Court has held in *Kushner v. King*, 533 U.S. 158 (2001), that a

5  RICO action requires two distinct entities - a person and an enterprise whose affairs the person

6  conducts. The defendant can not simultaneously be the person and enterprise under subsection

7  1962(c). Under subsection 1962(c) it is the corporate employee that "conducts its affairs" of the

8  corporation through acts of racketeering. In other words, the person or defendant, here Anna

9  Marie Toves an Jesse C. Toves used the Corporate Defendants as a vehicle to commit fraud. The

10 purpose of subsection 1962(c) is to protect the enterprise from those who would use unlawful acts

11 to conduct its affairs. In *Kushner*, the court made clear that while the defendant employee, Don

12 King, could be sued under subsection 1962(c), as the person conducting the affairs of his

13 corporation, Don King Productions, the corporation could not.

14 Aware of this case the Plaintiff sought to bring itself within the cases mandate that only

15 the defendant employees can be held liable for RICO violations not the corporation whose affairs

16 are conducted. Thus, they seek to hold only the Individual Defendants liable.

17 But, as a consequence there is no basis for federal jurisdiction against the Corporate

18 Defendants and, they must consequently be dismissed.

19 C. PATTERN OF RACKETEERING

20 Plaintiff's FAC fails to allege that defendants engaged in a "pattern of racketeering" which

21 is an essential element to this cause of action. In order to satisfy the requirements of the statute

22 plaintiff must allege a pattern of racketeering which is either open ended, meaning it poses a threat

23 of continuing racketeering activity extending into the future or, a closed ended pattern, meaning

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÁTÑA. GUAM 96910
TELEPHONE: (671) 477-9891-4

1    that the repeated predicate acts were extending over a substantial period. *H.J. Inc. v. Northwest*

2    *Bell Telephone*, 492 U.S. 229 (1989). Plaintiff's FAC alleges only three predicate acts of

3    racketeering which could conceivably qualify as predicate acts of racketeering. The two mailings

4    described in paragraphs 30 and 31 in May and July 2005 and the fax letter to the IRS in May

5    2005.

6        The e-mail sent by Anna Marie Toves from a place in Guam to Richard Reyes who was

7    also in Guam on March 2, 2006 is not a predicate act of wire fraud because it did not travel in

8    interstate commerce as required under 18 U.S.C. 1343. Under 18 U.S.C. 1343, a wire may serve

9    as a jurisdictional predicate, only when the wiring was in fact interstate since the statute requires

10    the use of interstate or foreign commerce the representations in paragraphs 34 and 35 of

11    plaintiffs' FAC cannot be predicate acts as neither mailings or wires were used to transmit the

12    communications. Thus, Plaintiff is left with the two certified letters containing the 941-SS forms

13    sent to the IRS and the facsimile sent to the IRS on May 5, 2006. These were sent within three

14    months of each other and the facsimile was allegedly sent about a year later.

15        Such meager predicate acts clearly pose no threat of continuing racketeering activity.

16    Thus, plaintiffs have failed to allege an open-ended pattern of racketeering nor have they alleged

17    a closed endeded pattern of racketeering. A closed-ended pattern of racketeering is defined by the

18    Supreme Court as a series of related predicate acts extending over a substantial period of time.

19    *H.J., Inc. v. Northwest Bell Telephone*, 492 U.S. 229 (1989). That is what is alleged here by

20    the Plaintiff. But, here we have only three predicate acts that allegedly occurred over a little more

21    than a 12 month period of time.

22        This is an insufficient time frame to demonstrate that a closed-ended pattern of racketeering

23    was being committed. Courts have held that predicate acts performed over the course of a year

1     and a half were insufficient to form a closed-ended pattern of racketeering. *Falco v. Bernas*, 244

2     F.3d 286 (2d Cir. 2001). Thus, the facts as pled by MHC are insufficient to support the claim

3     that defendants engaged in a pattern of racketeering as they failed to allege defendants engaged

4     in closed-end pattern of racketeering and do not meet the strictures of the "substantial period of

5     time" requirement.

6         Additionally, in *Gamboa v. Velez*, 457 F.3d 703 (7th Cir. 2006), the court held that a

7     complaint which presents a distinct and nonrecurring scheme with a built-in termination point and

8     providing no indication that the perpetrators have engaged or will engage in similar conduct does

9     not sufficiently allege continuity under Subsection 1962(c) for purposes of satisfying the

10     requirement set forth in *H.J., Inc. v. Northwest Bell Telephone*, 492 U.S. 229 (1989). Plaintiff

11     has not alleged any facts to suggest that the defendants have engaged in similar conduct, they

12     simply allege that one event with a built in termination occurred which is not sufficient to allege

13     a pattern of racketeering. Moreover, the defendants Premier Business Solutions and Pacific

14     Business Solutions provided payroll services to many other companies besides Plaintiff. There

15     are no allegations that predicate acts alleged by Plaintiff are part of an ongoing entity's regular

16     way of doing business.

17         **D.     INJURY TO PLAINTIFF MUST HAVE A CAUSAL CONNECTION TO THE**
                 **PREDICATE ACTS**

18

19         In *Sedima v. Imrex*, 473 U. S. 479 (1985), the Supreme Court held that a subsection

20     1962(c) injury is one that results from the predicate acts themselves. In the instant matter, there

21     was no injury to plaintiff as a result of the two mailings and facsimile to the IRS. If any injury

22     was to result from the mailings and facsimile it would have been borne by the IRS, not the

23     plaintiff. The proximate cause of the plaintiffs alleged injury was not the two mailings and the fax

but, the alleged conversion of the funds remitted to Pacific. Plaintiff briefly mentions that they received copies of the letters that were sent and/faxed to the IRS, however, there are no facts indicating the manner in which these copies were received. Therefore the actual mailings to the IRS and the fax to the IRS were not the proximate cause of the plaintiff's injury. *See, Holmes v. SIPC*, 503 U.S. 258 (1992). The predicate acts of racketeering must be the proximate cause of the plaintiffs injury. *Anza v. Ideal Steel Supply Corp.*, 126 S.Ct. 1991 (U.S. 2006). Absent a direct causal relationship between the predicate acts and the injury there is no RICO cause of action. *Swartz v. KPMG*, 476 F.3d 756, 761 (9th Cir. 2007). If there is no RICO cause of action then the District Court does not have subject matter jurisdiction over this case. This matter should be dismissed.

**E. PLAINTIFFS SECOND CLAIM MUST BE DISMISSED AS IT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR CONSPIRACY IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING**

The prerequisite to liability for conspiracy is an agreement to commit one of the activities prohibited under one of the subsections of Section 1962. In other words, the individual defendants have had to enter into an agreement to commit substantive RICO offenses under subsection (a), (b) or (c) by agreeing to participate in two predicate acts of racketeering. In the present matter, plaintiff has failed to allege any facts to support the existence of any agreement between the individual defendants nor does plaintiff identify what specific acts defendants allegedly agreed to.

Paragraph 66 of the FAC does allege that the defendants "Anna Toves and Jesse Toves conspired to conduct and participate in the conduct of the affairs and activities of Pacific Systems, Inc. and Pacific Solutions Inc. through a pattern of racketeering activity." It is unclear what plaintiff means when it refers to Pacific Systems, Inc. and Pacific Solutions, Inc. Neither of these entities are a party to this litigation and the association-in-fact enterprise alleged in paragraph 59

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÁTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

refers to Pacific Business Solutions and Premier Business Solutions. In any event, plaintiff alleges that this conspiracy took place in October 2006 and continued until November 2006. However, plaintiffs' FAC alleges that the predicate acts took place from May 2005 until May 2006. How can a conspiracy to conduct the affairs of an enterprise through predicate acts of racketeering occur after the racketeering acts defendants conspired to commit supposedly took place? It could not! As stated above, the conspiracy must be the agreement to commit a predicate act. I ask the Court, how can there be a conspiracy to commit the act after the act was already allegedly committed? Where is the agreement to conspire? The Plaintiff's own allegations prove that no RICO violation or conspiracy ever occurred.

To follow plaintiffs' logic, that defendants conspired after the fact, proves there were no predicate acts committed. If there is no conspiracy to commit an act of racketeering then the mailings and facsimile sent to the IRS were sent in good faith. Further, if no predicate acts were committed then there is definitely no RICO violation and this court does not have subject matter jurisdiction over the ancillary claims contained in the FAC.

F.    ASSOCIATION-IN-FACT[2]

In order for plaintiff to establish the existence of an association-in-fact enterprise, they must allege an on-going organization, formal or informal, and that the various associates functioned as a continuing unit. The association-in-fact enterprise alleged in the complaint does not meet the pleading standards set forth in *Chang v. Chin*, 80 F.3d 1293 (9th Cir. 1996). In the

---

[2]In *William v. Mohawk Industries, Inc.*, 411 F.3d 1252 (7th Cir. 2005) certiorari granted, 126 S.Ct. 2016 (2006), the Supreme Court accepted certiorari and heard oral argument on whether a corporation could be a member of an association in fact enterprise. But, then dismissed. This is, therefore, still an open question. As plaintiff has alleged a RICO association-in-fact enterprise consisting of two corporations, defendants wish to raise and preserve this issue for appeal. However, because there are other compelling reasons to dismiss this case, we request that briefing of this issue be postponed pending resolution of the other RICO issues.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

present matter, there is no ascertainable structure to the association-in-fact enterprise which the plaintiff has alleged in the FAC. In other words, the plaintiff alleges that Pacific and Premier associated-in-fact, to commit the RICO violations, but plaintiff has not alleged an ascertainable structure separate and apart from the "pattern of racketeering." The courts have consistently held that the association-in-fact enterprise must be separate and apart from "the pattern of activity" in which it engages. To allow such an amorphous pleading would permit proof of a conspiracy to satisfy the enterprise element of Section 1962(c). At a minimum, association-in-fact enterprise must exhibit some sort of structure for the making of decisions, whether it be hierarchical or consensual. It cannot be merely an organization that exists for the purpose of committing the predicate acts.

Moreover, the FAC is devoid of facts to support the requirement that the affairs of the alleged "association-in-fact enterprise" were conducted through a pattern of racketeering. The FAC alleges that letters were sent to the IRS from Anna Toves, but fails to state if they were personal letters or sent on behalf of the alleged "association-in-fact enterprise" or on behalf one or the other corporations. If the letters were sent on behalf of the "association-in-fact" enterprise then it existed only for the purpose of committing these alleged predicate acts which clearly does not satisfy the requirement to support this cause of action.

G.      PLAINTIFFS THIRD CLAIM FOR BREACH OF CONTRACT MUST FAIL

Plaintiff's third claim for breach of contract is so vague and unclear that defendants cannot determine which party or parties this cause of action is being alleged against. Plaintiff incorporates the allegations in paragraphs 1 through 67 into this claim and does not specifically identify who this claim is being alleged against. They fail to identify the parties to the contract, the date the contract was allegedly executed, and whether it was in writing. It is not clear if plaintiff is

1  alleging that all the named parties breached the contract.

2  The individual named defendants are not parties to any contract with MHC and therefore

3  cannot be accused of breaching a contract to which they were never a party. Additionally, as the

4  FAC is currently pled, the defendants are unable to determine which provisions of the contract

5  plaintiff are alleging were breached. Plaintiff is simply setting forth conclusory statements without

6  providing any facts to support their allegations. Consequently, this claim must be dismissed as it

7  fails to state a claim for which relief can granted.

8  **H.    CONVERSION**

9  Plaintiff's  fourth claim fails to identify which parties this cause of action is being alleged

10  against.  Again, defendants are left to speculate which cause of action each of them must defend

11  against.

12  Conversion has been defined as the exercise of dominion over the personal property of

13  another in exclusion or defiance of the latter's right.  *Oakdale Village Group v. Fong*, 43

14  Cal.App.4th 539 (1996).  An essential element of a conversion action is defendant's conversion

15  of the plaintiff's property by wrongful act.  *Lopez v. Washington Mutual Bank*, FA, 302 F.3d

16  900, *Unempl. Ins. Rep.* (CCH) (9th Cir. 2002).  There must be an actual conversation or a refusal

17  to deliver to constitute a conversion.  *Mueller v. Technical Devices Corp.* 8 N.J. 201 (1951).

18  The FAC does not allege any facts to indicate that defendants exercised dominion and

19  control over plaintiffs property.  Plaintiff fails to plead any facts that indicate the defendants

20  engaged in a  wrongful act.  Paragraph 28 of the FAC identifies the periods of time that the

21  payroll taxes were allegedly not paid.  For the first and second quarters of 2004, the second and

22  third quarter of 2005 and the first and second quarter of 2006, the payroll taxes were paid on

23  behalf of MHC.  There is a discrete period of time where plaintiff alleges that an issue arose with

respect to payment of payroll taxes. Plaintiff fails to plead any facts to support their contention that defendant's exercised control over those funds and converted them for their own use. Plaintiff simply makes conclusory statements without any facts to support them. Consequently, the FAC fails to state a claim for conversion.

## I.    FRAUD

Finally, the FAC fails to allege fraud with particularity in accordance with Rule 9 of the FRCP. Rule 9(b) of the FRCP codifies the principle that claims sounding in fraud should be dismissed at the pleading stage if they do not plead fraud with particularity. This requirement "serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [respondents] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and societies enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted).

The elements for a claim for fraud are: (1) the defendant must have made a representation of a past or existing material fact; (2) the representation must have been false; (3) the defendant must have known that the representation was false when it was made; (4) the defendant must have made the representation the intent to defraud the plaintiff; (5) the plaintiff must have been unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation. *See generally, Hobart v. Hobart Estate Co.* 26 Cal.2d 412, 422 (1945); *Arnold & Associates, Inc. v. Misys Health Care Systems*, 275 F. Supp. 2nd 1013 (D. Ariz. 2003); *Hemlani v. Flaherty*, 2003 Guam 17 (2003).

Here, a promise to perform in the future can be a fraudulent misrepresentation, but only

if the plaintiff alleges that at the time the statement was made the defendant had no intention to perform. *See,* e.g., ***Wharf (Holdings) Ltd. v. United International Holdings, Inc.***, 532 U.S. 588 (2001); ***Elliott Assoc., L.P. v. Hayes***, 141 F. Supp. 2d 344, 354 (S.D.N.Y. 2000) aff'd. memo 26 Fed. Approx. 83 (2d Cir. 2002).

The instant FAC never alleges any facts showing that when the defendant entered into the contract with plaintiff, they had no intent to fulfill the obligations. As stated above, in order to allege fraud, plaintiff must allege a material misrepresentation of an <u>existing</u> or <u>past</u> fact. The mere fact that a party to a contract does not deliver the services promised, does not state a claim for fraud in the absence of facts showing that the defendant did not intend to honor his promise at the time the promise was made. Plaintiff must allege facts showing a secret intent <u>not</u> to honor the contract amounted to a misrepresentation. For example, in ***Wharf (Holdings) Ltd. v. United International Holdings, Inc.***, 532 U.S. 588, 597 (2001), the Supreme Court held that a secret intention not to honor an option agreement was actionable fraud, but in that case, plaintiff could point to contemporaneous internal documents suggesting that Wharf never intended to carry out its promise. No such facts are alleged here to show that defendants formed a secret intent not to honor the contract with MHC. There are no facts alleged to even suggest that the defendants made promises to plaintiff that it never had any intention of fulfilling. The plaintiff may well have transmitted money to the defendants based upon their promise that they would provide payroll services, but in the absence of an allegation that the defendants had no intention of carrying out that promise, the allegation that the services were not performed does not imply fraud. Moreover, in their FAC plaintiff states that the contract was formed in 2002, however, the alleged conversion began in 2004. Therefore, one must ponder how could there have been a secret intent to misrepresent a material fact at the time the contract was entered into with the plaintiff? In fact,

1  Plaintiff's FAC admits that for at least two years the contract was honored without issue.

2      When averments of fraud are made the circumstances constituting the alleged fraud must

3  be specific enough to give defendants notice of the particular misconduct so that they can defend

4  against the charge and not just deny that they have done anything wrong; averments of fraud must

5  be accompanied by the who, what, where, when and how of the misconduct charged. *Vess v.*

6  *Ciba-Geigy Corp. USA,* 317 F. 3d 1097 ( 9th Cir. 2003). Plaintiffs certainly failed to satisfy the

7  requirements set forth in *Vess*. They do not identify <u>what</u> the fraudulent representations were,

8  they do not state <u>where</u> they were made, they do not state <u>when</u> they were made nor do they state

9  <u>how</u> they were made. As such this claim must be dismissed as plaintiffs failed to plead facts

10  sufficient to sustain this cause of action.

11  **J.      DEFENDANTS REQUEST A STAY OF DISCOVERY UNTIL THIS COURT
        DETEMINES IT HAS SUIBJECT MATTER JURISDICTION.**

12

13      As pointed out above, the Plaintiff cannot maintain a case under the RICO statute. In the

14  absence of the RICO Count, this Court lacks subject matter jurisdiction to hear this case. If any

15  case exists, it is a territorial case. Because Plaintiff's own pleading cannot allow for a RICO

16  Count discovery in this case must be stayed.

17      Since we contend that the District Court does not have subject matter jurisdiction over this

18  matter the parties should be prohibited from engaging in discovery until the jurisdictional issues

19  are decided. It does not make sense for the parties to be conduct discovery and be limited to the

20  strict requirements of the FRCP. Once it is determined that this matter was filed in the improper

21  court, which is what we anticipate the court's ruling will be, then the parties will have to engage

22  in additional discovery as permitted in Superior Court actions. A stay of discovery is the more

23  efficient approach so the parties can avoid the time and expense incurred by participating in

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÁTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

Case 1:07-cv-00002   Document 13   Filed 04/16/2007   Page 13 of 14

-13-

1    multiple rounds of discovery.

2         *Respectfully submitted* this 16th day of April, 2007.

3                                      **TEKER TORRES & TEKER, P.C.**

4

5              By: _____
                   JOSEPH C. RAZZANO, ESQ.
6                  *Attorneys for Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÁTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\PREMIER BUSINESS SOLUTIONS\003 DISMISS MEMO.wpd   - 14 -