CIVILLE & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511
*Attorneys for Plaintiff*

TEKER TORRES & TEKER, P.C.
130 ASPINALL AVENUE, SUITE 2A
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891
FACSIMILE: (671) 472-2601
*Attorneys for Defendants*

FILED
DISTRICT COURT OF GUAM
MAY 30 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES, <br><br> Defendants. | CIVIL CASE NO. 07-00002 <br><br><br> [PROPOSED] JOINT SCHEDULING ORDER AND DISCOVERY PLAN |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 of the District Court of Guam, the parties hereby submit their Joint Scheduling Order and Discovery Plan:

1. **Nature of the Case:** The plaintiff, Marianas Hospitality Corporation ("MHI") filed a complaint on February 28, 2007. MHI filed an Amended Complaint on March 16, 2007 ("FAC"). The FAC alleges six claims for relief. The action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, treble damages, costs and attorney's fees for unfair and deceptive conduct and fraudulent conduct by defendants in violation of 18 U.S.C. §1961 and the laws of Guam.

The First Claim alleges that the Defendants conducted and participated in a RICO enterprise through a pattern of racketeering activity and committed the crime of Wire Fraud and Mail Fraud, as defined under 18 U.S.C. §1343 and §1341, respectively. The Second Claim alleges that Defendants conspired in a Rico enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §1952(c) and 1962(d). The Third Claim alleges that the Defendant, PBSI breached its contract with MHC when it failed to pay all payroll funds remitted to it by MHC to MHC's employees, and to pay taxes to the Government of Guam and the IRS. The Fourth Claim alleges that the Defendants converted payroll monies from MHC to be held and administered in trust to be paid to MHC's employees and to the government taxing authorities, and converted these monies to their own use. The Fifth Claim alleges that the Defendants intentionally and knowingly made multiple fraudulent misrepresentations to MHC regarding the administration of MHC's payroll and payments due to IRS. MHC seeks an order for accounting and restitution for the funds that were not used for MHC payroll purposes.

The Defendants deny all these claims.

The parties have since met and conferred as required by the Rules of Court and now submit their Scheduling Order and Discovery Plan.

2. **Motion on File**: On April 16, 2007, Defendants filed a Motion to Dismiss and for Stay of Discovery. The Motion to dismiss is scheduled to be heard on July 12, 2007 at 10:00 a.m.
\*\*(Please see additional language on page 5)

3. **Status of Discovery:**

The parties will be submitting their initial disclosures. Discovery will proceed in accordance with the Discovery Plan filed herewith. The parties anticipate taking the depositions of at least seven (7) individuals. Included in this list will be the parties themselves, individuals who were employed by the Hyatt and PBSI.

    a. A Scheduling Conference is scheduled for May 29, 2007 at 9:30 a.m

    b. The parties have not reached agreement on the discovery cut-off date (defined as the last day to file responses). Plaintiff's position is that discovery cut-off should be August 31, 2007. and Defendants' position is that discovery cut-off should be no early than December 2007. Discovery cut-off date: November 6, 2007

4.     a. **The anticipated discovery motions are**: The parties do currently envision the need to file discovery motions. Defendants have requested a stay of discovery in the pending Motion to Dismiss. Plaintiff intends to commence discovery prior to the hearing on the motion. Defendants anticipate filing an *ex parte* application to stay discovery. All discovery motions shall be filed no later than November 20, 2007.

b.  **The anticipated dispositive motions are**: Each side anticipates that it will file a Motion for Summary Judgment. All dispositive motions shall be filed no earlier than sixty (60) days before the trial date or ~~November 6, 2006~~ January 11, 2008 JY

5.  **The prospects for settlement are**: The parties have explored settlement and are agreeable to continuing these efforts. The parties are willing to participate in good faith in settlement conference.

6.  The preliminary Pretrial Conference shall be held on February 26, ~~2007~~ 2008 JY at 10:00 a.m. ~~p.m.~~

7.  The parties' pretrial materials, discovery material, witness lists, designations, and exhibit lists shall be filed fourteen (14) days before the trial date, March 4, 2008. JY

8.  The Proposed Pretrial Order shall be filed fourteen (14) days before the trial date, March 4, 2008. JY

9.  The Final Pretrial Conference shall be held at least ~~twenty-one~~ seven (7) (21) days before the trial, March 11, 2008. JY at 10:00 a.m.

10. Plaintiff requests a trial date no later than December 15, 2007. Defendants request a trial date no later than May 15, 2008. The Trial Date shall be March 18, 2008 at 9:00 am JY

11. Plaintiff will ask for a jury trial on all causes of action.

12. It is anticipated that it will take six (6) trial days to try and present the entire case.

13. The names of counsel on this case are:

    **Counsel for Plaintiff**:
    Joyce C.H. Tang, Esq.,
    CIVILLE & TANG, PLLC

**Counsel for Defendant**:
Joseph C. Razzano, Esq.
TEKER TORRES & TEKER, P.C.

14. The parties are prepared to participate in good faith in a settlement conference.

15. The parties present the following suggestions for shortening trial:

Counsel believe that they will be able to stipulate to some of the facts, which should help reduce the length of the trial.

16. **The following issues will also affect the status of management of the case:** The parties are not aware of any issues that may affect the status management of the case at this time.

//

//

---

**\*\***Motions to amend pleadings or add parties shall be filed no later than August 17, 2007.

## JOINT DISCOVERY PLAN

The parties have met and conferred, and hereby submit their proposed Joint Discovery Plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(b).

1. **Initial Disclosures:** In accordance with Rule 26(f) the parties will be serving their initial disclosures.

2. **Interrogatories and Requests for Production:** Interrogatories, Requests for Production and Requests for Admissions may be propounded at any time during the discovery phase, subject to the limitation on the number of interrogatories as set forth in Rule 33, provided discovery requests must be served sufficiently in advance that responses are due prior to the expiration of the discovery cutoff date of __November 6, 2007__ *[initials]*

3. **Fact Witnesses and Depositions:** The parties will need to discuss scheduling of deposition of witnesses. Other than one witness who resides in Australia, all of the other witnesses reside on Guam. All depositions shall be completed by the Discovery Cut-Off date.

4. **Expert Designation and Reports:** Both parties have retained accountant experts, but, have not designated experts as testifying or consulting experts at this time.

5. **Discovery Completion:** Discovery shall be completed by the Discovery Cut-Off Date set by the Court or __November 6, 2007__ *[initials]*

//

Dated: May 30th, 2007

_____
HON. JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge, District Court of Guam

**IT IS SO STIPULATED.**

CIVILLE & TANG, PLLC.

Dated: May 15, 2007

_____
JOYCE C.H. TANG
*Attorneys for Plaintiff*

TEKER TORRES & TEKER, P.C.

Dated: May 15, 2007

By: _____
JOSEPH C. RAZZANO
*Attorneys for Defendants*



RECEIVED
MAY 15 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM