TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE: (671) 472-2601

*Attorneys for Defendants*



FILED
DISTRICT COURT OF GUAM
JUN 04 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION dba HYATT REGENCY GUAM, | CIVIL CASE NO. CV-07-00002 |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO THE BANK OF GUAM** |
| v. | |
| PREMIER BUSINESS SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

On May 31, 2007, Plaintiff, Marianas Hospitality Corporation dba Hyatt ("MHC"), served this office, counsel for Defendants, with a copy of a Subpoena issued to the Bank of Guam, a non-party. To date, no proof of service has been served so it is unclear when or if the Subpoena was actually served on the Bank of Guam, however, the Subpoena provides a response date of June 5, 2007. Defendants respectfully request that the Subpoena be quashed for the reasons articulated below.

///

///

///

ORIGINAL

## I.

## DEFENDANTS REQUEST A STAY OF DISCOVERY UNTIL THIS COURT DETERMINES IT HAS SUBJECT MATTER JURISDICTION

As the Court is aware, on April 16, 2007, Defendants filed a motion to dismiss this action. Plaintiff has filed its case under the Racketeering and Corrupt Organizations Act ("RICO") statute pursuant to §18 U.S.C.1962. Defendants contend that Plaintiff cannot maintain a case under the RICO statute. In the absence of the RICO Count, this Court lacks subject matter jurisdiction to hear this case. If any case exists, it is a territorial case. Because Plaintiff's own pleading cannot allow for a RICO Count discovery in this case must be stayed.

Since Defendants contend that the District Court does not have subject matter jurisdiction over this matter the parties should be prohibited from engaging in discovery until the jurisdictional issues are decided. It does not make sense for the parties to be conduct discovery and be limited to the strict requirements of the FRCP. Once it is determined that this matter was filed in the improper court, which is what Defendants anticipate the Court's ruling will be, then the parties will have to engage in additional discovery as permitted in Superior Court actions. A stay of discovery is the more efficient approach so the parties can avoid the time and expense incurred by participating in multiple rounds of discovery.

The District Court may limit discovery "for good cause," and may continue to stay discovery when it is convinced that Plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981).

///

///

///

## II.

## THE SUBPOENA ISSUED BY PLAINTIFFS MUST BE QUASHED AS IT DOES NOT COMPLY WITH FRCP 45 (c) (3) (A)

Federal Rule of Civil Procedure rule 45(c)(3)(A) provides in relevant part:

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it :

(i) fails to allow reasonable time for compliance

(iii) requires disclosure of privileged or other protected matter and no exception

or waiver applies. . . ."

Plaintiff's Subpoena is seeking the production of documents related to any and all accounts which any of the Parties, individually or in combination with any other party, person or entity, as it relates to Premier Business Solutions, Inc., Pacific Business Solutions, Inc., Jesse C. Toves and Anna Marie Toves. Specifically, it requests signature cards, bank statements, any and all financial statements, loan agreements, tax returns submitted to the Bank by any of the parties, individually or in combination with any other party, person or entity for the period commencing June 2002 to March 2007.

A party seeking production by a subpoena duces tecum from party to the action must establish good cause for issuance of the subpoena, if it is challenged on motion to quash. ***Dart Industries, Inc. v. Liquid Nitrogen Processing Corp.***, 50 F.R.D. 286 (D.C. Del 1970).

The Subpoena should be quashed as it fails to allow reasonable time for compliance as it provides only 2 business days for the non-party to respond. That is assuming it was served on May 31, 2007, the same day as counsel. As of the writing of this motion, Defendants have yet to receive the proof of service.

Further, the documents requested contain information that is privileged and protected by the individuals financial right to privacy. The request seeks individual financial records that are not related to the claims alleged in Plaintiffs' Amended Complaint. At a minimum, Defendants should be entitled to review the contents of the documents and assert any privilege for which they are entitled to assert. The short time frame does not allow Defendants the opportunity to review the documents to determine which are privileged and should not be produced or may be simply redacted. *See Alexander v. FBI*, 186 F.R. D. 12, 15 (D.D. C. 1998).

Moreover, the Subpoena is requesting documents related to individual accounts that may have been held in the names of Anna Marie Toves and Jesse Toves. Plaintiffs' allegations arise out of a contract it entered into with Pacific Business Solutions to perform payroll services. Plaintiff does not have any contractual relationship with Anna Toves and Jesse Toves. They were employees of the company performing the payroll services. Plaintiff should not be entitled to obtain their private banking information just because they are named Defendants in a lawsuit. By requesting these documents, Plaintiff is seeking to violate the individuals right to financial privacy. Being a party to litigation does not open up your entire life to scrutiny.

Similarly, Plaintiff is seeking production of defendants tax returns. Defendants contends that this information is also protected by the financial right to privacy. Further, the request is seeking information that is not relevant and is not likely to lead to the discovery of admissible evidence. *See Food Lion, Inc. v. United Food & Commercial Workers*, 103 F.3d 1007 (D.C. Cir. 1997).

Further, as written the Subpoena is overbroad as it seeks documents from June 2002 through March 2007. Plaintiffs Amended Complaint only involves a discrete time period ranging from April 2004 through August 2006. (*See* Plaintiffs' Amended Complaint paragraph 28). The

documents requested should be limited to the time period of the acts alleged in the Complaint, as no reason was advanced to believe that records prior to that time would be relevant. ***Chazin v. Lieberman***, 129 F.R.D. 97 (S.D. NY 1990). As such, any discovery related to this action should be limited to the time period at issue.

### III.

### CONCLUSION

Since there is a pending motion to dismiss and motion to stay discovery in this action, the Court should stay discovery until it is determined that the Court possesses subject matter jurisdiction. Alternatively, based upon the allegations contained in Plaintiff's Amended Complaint no good cause exists for the production of the documents as described in the Subpoena at issue. As such and in the interests of justice, the Subpoena must be quashed.

On April 16, 2007, Defendants filed a motion to dismiss this action contending that the Court lacks subject matter jurisdiction. In its motion, Defendants also requested that the Court stay discovery in this matter until the jurisdictional issues are resolved. On May 31, 2007, Plaintiff served this office with two Subpoenas, one requesting documents from Citizens Security Bank and the other requesting documents from the Bank of Guam. The date of production provided for in the subpoena is June 5, 2007. Defendants are filing two respective motions to quash the above mentioned subpoenas as they seek documents that are privileged, the Subpoenas are overbroad and violate FRCP rule 45 (c) (3) (A).

Due to the short time frame provided for a response, Defendants have no choice but to seek *ex parte* relief and have these motions heard on a shorten time frame.

///

///

Counsel for the parties have met and conferred and are currently preparing the Local Rule 37.1 Stipulation to be filed immediately upon signature.

*Respectfully submitted* this 4th day of June, 2007.

                                    **TEKER TORRES & TEKER, P.C.**

By *[signature]*
    JOSEPH C. RAZZANO, ESQ.
    *Attorneys for Defendants*