CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*



**FILED**
DISTRICT COURT OF GUAM
JUN -5 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES, <br><br> Defendants. | CIVIL CASE NO. 07-00002 <br><br><br><br> **NOTICE TO THIRD PARTY TO PRODUCE AND PERMIT COPYING** |

To: Defendants and their Counsel, Teker Torres & Teker, PC

PLEASE TAKE NOTICE that Plaintiff Marianas Hospitality Corporation dba Hyatt Regency Guam, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and the attached Subpoena in a Civil Case, has requested the Custodian of Record for Onward Golf Resort (formerly known as Talofofo Golf Resort) to make available for inspection and copying the documents listed in Exhibit A attached hereto.

Said inspection and copying will be held at the offices of Civille & Tang, PLLC, 330 Hernan Cortez Avenue, Suite 200, Hagåtña, Guam 96910 at the specified date and time:

| DEPONENT | DATE | TIME |
|---|---|---|
| Custodian of Record Onward Golf Resort | June 15, 2007 | 10:00 a.m. |

This Notice is given pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure.

You are invited to attend and review the produced documents.

DATED at Hagåtña, Guam, this 4th day of June, 2007.

**CIVILLE & TANG, PLLC**

By: *[signature]*
**G. PATRICK CIVILLE**
*Attorneys for Marianas Hospitality
Corporation dba Hyatt Regency Guam*

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

MARIANAS HOSPITALITY CORPORATION
dba HYATT REGENCY GUAM,

           Plaintiff,

vs.

PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES

           Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-07-0002

**TO:** **ONWARD GOLF RESORT (formerly known as Talofofo Golf Resort)**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A appended hereto**

| PLACE | DATE AND TIME |
|---|---|
| Civille & Tang, PLLC<br>Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910 | June 15, 2007; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorneys for Plaintiff MHC dba Hyatt Regency Guam | June 4, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910;
Telephone: (671) 472-8868

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | 4/6/07 | Mangilao Golf Resort | Hand delivery |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

Jetan Sahni          Controller

SERVED BY (PRINT NAME)          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4/6/07        _Ignacio Blas_
               DATE                SIGNATURE OF SERVER

               330 Hernan Cortez Avenue
               ADDRESS OF SERVER
               Suite 200 Hagatna Guam 96910

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**
(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**Parties:**   Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:**   June 2002 to March 2007

**Documents:**   As to any and all documents, including but not limited to agreements, letters, and emails, which any of the Parties, individually or in combination with any other party, person or entity, has in his/her/its possession:

   1. Any disputes or claims relating to payroll and tax payment services rendered to your company by the Parties, individually or collectively ("Claims");

   2. The amount of the Claims or settlement, if applicable;

   3. The dates on which the Claims against the Parties arose;

   4. The terms of any settlement relating to the Claims.