**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Marianas Hospitality Corporation,*
*dba Hyatt Regency Guam*



**FILED**
DISTRICT COURT OF GUAM
JUN - 5 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL CASE NO. CV-07-00002

**DECLARATION OF JOYCE C.H. TANG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA ISSUED TO THE CITIZENS SECURITY BANK, BANK OF GUAM, ONWARD GOLF RESORT, AND FIRST COMMERCIAL GUAM FEDERAL CREDIT UNION**

I, Joyce C.H. Tang, declare as follows:

1.      I am the attorney for the Plaintiff in the above-captioned action and make this Declaration based on personal knowledge.

2.      On May 15, 2007, I issued on behalf of MHC subpoenas to CSB and BOG, requesting the production of documents at MHC's lawyer's office on May 25, 2007. Prior to the May 25, 2007 deadline, [name], an attorney in our office, contacted CSB and BOG

Decl_of_JCT

representatives to withdraw the subpoenas issued to the banks. My legal secretary, Aurora Martinez, also notified the CSB and BOG representatives, by telephone, that subpoenas, requesting the same documents in the May 15, 2007 subpoena, would be reissued covering the same document requests within a short period of time.

4.    The controller of the former Talofofo Golf Course, who is now the controller from Onward, told me yesterday that the Talofofo Golf Course was missing tax money that was paid to PBSI for its taxes and the money still has not been repaid.

5.    MHC was also informed that Community First had a claim against Defendants for funds given to Defendants for payment of its taxes, and that a substantial amount was missing, but, the matter had previously been settled between Defendants and Community First. MHC believes that MHC's funds may have been used to settle the Community First claims.

6.    A CSB representative informed me the documents requested in the CSB subpoena are ready for production on the date and time specified.

7.    The BOG has not asked for additional time to produce the documents requested in the BOG subpoena. It has had notice of the requests since May 15, 2007.

8.    True and correct copies of the following documents are attached hereto:

| Exhibit | Document | Date |
|---------|----------|------|
| A | Subpoena to Citizens Security Bank | May 15, 2007 |
| B | Subpoena to Bank of Guam | May 15, 2007 |
| C | Subpoena to Citizens Security Bank | May 31, 2007 |
| D | Subpoena to Bank of Guam | May 31, 2007 |
| E | Subpoena to Onward Golf Resort | June 4, 2007 |
| F | Subpoena to First Commercial Guam Federal Credit Union | June 4, 2007 |

2

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

Dated at Hagåtña, Guam, on the 5th day of June, 2007

JOYCE C.H. TANG
*Marianas Hospitality Corporation*
*dba Hyatt Regency Guam*

# EXHIBIT A

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION<br>dba HYATT REGENCY GUAM,<br><br>        Plaintiff,<br>      vs.<br><br>PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES<br><br>        Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  CV-07-0002 |

**FILED**

DISTRICT COURT OF GUAM

MAY 1 5 2007

MARY L.M. MORAN
CLERK OF COURT

**TO:**   **CITIZENS SECURITY BANK**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A appended hereto**

| PLACE | DATE AND TIME |
|---|---|
| Civille & Tang, PLLC<br>Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910 | May 25, 2007; 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorneys for Plaintiff MHC dba<br>Hyatt Regency Guam | May 15, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910; Telephone: (671) 472-8868**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE | MANNER OF SERVICE |
|---|---|---|---|
| **SERVED** | 5/15/07 | JULALE CENTER Citizen Security Bank | Hand Delivery |

SERVED ON (PRINT NAME)

LoLing Field

TITLE

V.P. Operations

SERVED BY (PRINT NAME)

Ignacio Blas

TITLE

Legal Expediter

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    5/15/07
                    DATE

SIGNATURE OF SERVER    Ignacio Blas

ADDRESS OF SERVER    330 Hernan Cortez Avenue Suite 200 Hagatna, Guam 96910

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

---

# EXHIBIT A

**Parties:**    Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:**    June 2002 to March 2007

**Documents:**    As to any and all account on which any of the Parties, individually or in
combination with any other party, person or entity, is an account holder:

1.    Signature cards for any and all such accounts;

2.    Bank statements for any and all such accounts;

3.    Any and all financial statements, loan agreements, and tax returns
submitted to the Bank by any of the Parties, individually or in combination
with any other party, person or entity for the period commencing June
2002 to March 2007.

# EXHIBIT B

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

MARIANAS HOSPITALITY CORPORATION
dba HYATT REGENCY GUAM,

**SUBPOENA IN A CIVIL CASE**

               Plaintiff,

Case Number:[1]  CV-07-0002

    vs.

PREMIER BUSINESS SOLUTIONS, INC., PACIFIC
BUSINESS SOLUTIONS, INC., ANNA MARIE
TOVES, AND JESSE C. TOVES



DISTRICT COURT OF GUAM

           Defendants.

MAY 1 5 2007

**TO:**   **BANK OF GUAM**

MARY L.M. MORAN
CLERK OF COURT

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Exhibit A appended hereto

| PLACE | DATE AND TIME |
|---|---|
| **Civille & Tang, PLLC**<br>**Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910** | **May 25, 2007; 10:00 a.m.** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorneys for Plaintiff MHC dba Hyatt Regency Guam | **May 15, 2007** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910; Telephone: (671) 472-8868**

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | 5/15/07 | Hagatna Bank of Guam | Hand delivery |

SERVED ON (PRINT NAME)    MANNER OF SERVICE

Kadiasang, Wendy          Secretary for SVP/CFO

SERVED BY (PRINT NAME)    TITLE

Ignacio Blas              Legal Expeditor

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/15/07          *Ignacio Blas*
              DATE              SIGNATURE OF SERVER

330 Hernan Cortez Avenue, Suite
ADDRESS OF SERVER
200 Hagatna, Guam 96910

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**
(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**Parties:**     Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:**     June 2002 to March 2007

**Documents:**  As to any and all account on which any of the Parties, individually or in combination with any other party, person or entity, is an account holder:

1. Signature cards for any and all such accounts;

2. Bank statements for any and all such accounts;

3. Any and all financial statements, loan agreements, and tax returns submitted to the Bank by any of the Parties, individually or in combination with any other party, person or entity for the period commencing June 2002 to March 2007.

# EXHIBIT C

**Issued by the**
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM



DISTRICT COURT OF GUAM

MARIANAS HOSPITALITY CORPORATION
dba HYATT REGENCY GUAM,

          Plaintiff,

        vs.

PREMIER BUSINESS SOLUTIONS, INC., PACIFIC
BUSINESS SOLUTIONS, INC., ANNA MARIE
TOVES, AND JESSE C. TOVES

        Defendants.

**SUBPOENA IN A CIVIL CASE**JUN - 1 2007

**MARY L.M. MORAN**
Case Number:[1] CV-07-00002 CLERK OF COURT

**TO:   CITIZENS SECURITY BANK**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

**See Exhibit A appended hereto**

| PLACE | DATE AND TIME |
|---|---|
| Civille & Tang, PLLC<br>Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910 | June 5, 2007; 10:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorneys for Plaintiff MHC dba Hyatt<br>Regency Guam | May 30, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER

**G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910;
Telephone: (671) 472-8868**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | May 31, 2007; 1:24 p.m. | Citizens Security Bank (Guam), Inc., Julale Center |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Ms. Loling Field, VP - Operations | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gina Endaya | Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____5/31/07_____       _____
                        DATE                              SIGNATURE OF SERVER

_____
c/o Civille + Tang
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**Parties:** Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:** June 2002 to March 2007

**Documents:** As to any and all account on which any of the Parties, individually or in combination with any other party, person or entity, is an account holder:

1. Signature cards for any and all such accounts;

2. Bank statements for any and all such accounts;

3. Any and all financial statements, loan agreements, and tax returns submitted to the Bank by any of the Parties, individually or in combination with any other party, person or entity for the period commencing June 2002 to March 2007.

# EXHIBIT D

**Issued by the**
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM



DISTRICT COURT OF GUAM

MARIANAS HOSPITALITY CORPORATION
dba HYATT REGENCY GUAM,

        Plaintiff,

   vs.

PREMIER BUSINESS SOLUTIONS, INC., PACIFIC
BUSINESS SOLUTIONS, INC., ANNA MARIE
TOVES, AND JESSE C. TOVES

        Defendants.

**SUBPOENA IN A CIVIL CASE** JUN - 1 2007

MARY L.M. MORAN

Case Number:[1]  CV-07-0002 CLERK OF COURT

**TO:**   **BANK OF GUAM**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Exhibit A appended hereto

| PLACE | DATE AND TIME |
|---|---|
| **Civille & Tang, PLLC**<br>**Suite 200, 330 Hernan Cortez Avenue,  Hagåtña, Guam  96910** | **June 5, 2007; 10:00 a.m.** |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)*  Attorneys for Plaintiff MHC dba Hyatt Regency Guam | **May 30, 2007** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910; Telephone: (671) 472-8868**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | May 31, 2007; 1:37 p.m. | Bank of Guam Headquarters, Hagatna |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Ms. Wendy Kadiasang, Secretary to CFO | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gina Endaya | Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      5/31/07                    *SCEndaya*
                    DATE                    SIGNATURE OF SERVER

                                         c/o Civille + Tang
                                         ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**Parties:**     Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:**     June 2002 to March 2007

**Documents:**     As to any and all account on which any of the Parties, individually or in combination with any other party, person or entity, is an account holder:

1.     Signature cards for any and all such accounts;

2.     Bank statements for any and all such accounts;

3.     Any and all financial statements, loan agreements, and tax returns submitted to the Bank by any of the Parties, individually or in combination with any other party, person or entity for the period commencing June 2002 to March 2007.

# EXHIBIT E

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

MARIANAS HOSPITALITY CORPORATION
dba HYATT REGENCY GUAM,

          Plaintiff,

       vs.

PREMIER BUSINESS SOLUTIONS, INC., PACIFIC
BUSINESS SOLUTIONS, INC., ANNA MARIE
TOVES, AND JESSE C. TOVES

          Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-07-0002

6/4/07

JETAN SAHNI.
CONTROLLER.

TO:   **ONWARD GOLF RESORT (formerly known as Talofofo Golf Resort)**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A appended hereto**

| PLACE | DATE AND TIME |
|---|---|
| Civille & Tang, PLLC<br>Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910 | June 15, 2007; 10:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff MHC dba Hyatt Regency Guam | June 4, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910; Telephone: (671) 472-8868**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                    SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

                                                        _____

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**Parties:**   Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:**   June 2002 to March 2007

**Documents:**   As to any and all documents, including but not limited to agreements, letters, and emails, which any of the Parties, individually or in combination with any other party, person or entity, has in his/her/its possession:

1.   Any disputes or claims relating to payroll and tax payment services rendered to your company by the Parties, individually or collectively ("Claims");

2.   The amount of the Claims or settlement, if applicable;

3.   The dates on which the Claims against the Parties arose;

4.   The terms of any settlement relating to the Claims.

# EXHIBIT F

## Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

MARIANAS HOSPITALITY CORPORATION
dba HYATT REGENCY GUAM,

**SUBPOENA IN A CIVIL CASE**

Plaintiff,

vs.

Case Number:[1]  CV-07-0002

PREMIER BUSINESS SOLUTIONS, INC., PACIFIC
BUSINESS SOLUTIONS, INC., ANNA MARIE
TOVES, AND JESSE C. TOVES

Defendants.

**TO:    COMMUNITY FIRST GUAM FEDERAL CREDIT UNION**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Exhibit A appended hereto

| PLACE | DATE AND TIME |
| --- | --- |
| Civille & Tang, PLLC<br>Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910 | June 15, 2007; 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorneys for Plaintiff MHC dba Hyatt Regency Guam | June 4, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910;
Telephone:  (671) 472-8868

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                              SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT OF SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

**Parties:**     Premier Business Solutions, Inc.
Pacific Business Solutions, Inc.
Jesse C. Toves
Anna Marie Toves
(collectively referred to as the "Parties")

**Period:**     June 2002 to March 2007

**Documents:**     As to any and all documents, including but not limited to agreements, letters, and emails, which any of the Parties, individually or in combination with any other party, person or entity, has in his/her/its possession:

1. Any disputes or claims relating to payroll and tax payment services rendered to your company by the Parties, individually or collectively ("Claims");

2. The amount of the Claims or settlement, if applicable;

3. The dates on which the Claims against the Parties arose;

4. The terms of any settlement relating to the Claims.