**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendants*

FILED
DISTRICT COURT OF GUAM
AUG 16 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION dba HYATT REGENCY GUAM, | CIVIL CASE NO. CV-07-00002 |
| Plaintiff, | |
| v. | **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; CROSS-MOTION TO STRIKE** |
| PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES, | |
| Defendants. | |

TO: To Plaintiff and its attorney of record, G. Patrick Civille, Esq., CIVILLE & TANG, PLLC, Suite 200, 330 Hernan Cortez, Avenue, Hagåtña, Guam 96910.

## I. PLAINTIFF'S JUDICIAL ADMISSIONS.

In Plaintiff's Opposition, they admit on over five (5) separate occasions that they fail to plead or allege their cause of actions properly and then request the court to allow them to re-plead. These admissions show the Court that the Motion to Dismiss filed by Defendants must be granted. A list

of Plaintiff's admissions are as follows:

1. "Additional allegations are included in this Memorandum for the purpose of indicating how Plaintiff could amend the First Amended Complaint ("FAC") should this Court find the FAC deficient in one or more respects." *See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"), P. 1, Fn. 2;

2. "Plaintiff agrees that the corporate Defendants, as the RICO enterprises in this suit, cannot be sued under RICO." *See* Plaintiff's Opposition at P. 9;

3. "However, Plaintiff will show that the email passed through a server outside of Guam and was, thus, an interstate wireless communication". *See* Plaintiff's Opposition at P. 13, Fn. 4;

4. "The October 2006 date was a mistake and should have read May 2005." *See* Plaintiff's Opposition at P.17; and

5. "Plaintiff asks for leave to amend to assert more specific information." *See* Plaintiff's Opposition at P.19.

As the Court can see, the Plaintiff has admitted in at least five instances that their pleading is deficient or has failed to allege the requisite requirements to satisfy a RICO case and/or pleading fraud with particularity. In reviewing Fn. 2 of the Plaintiff's Opposition, the Plaintiff argues that they can amend the Complaint to state a cause of action. This is a concession that the present Complaint fails to state a cause of action. If Plaintiff can amend to state a cause of action, they should do so. Under the Federal Rules of Civil Procedure ("FRCP"), a Plaintiff can, without leave of court, amend once as of right, at anytime prior to the filing of a responsive pleading. *See* FRCP 15(a). Plaintiff, in this case, has already done so once. If Plaintiff wishes to do so again they should seek leave of Court to further amend, rather than trouble the Court with a Motion to Dismiss, when they admit that the present Amended Complaint is deficient. *See Id*. The Court should not be forced

to judge this Amended Complaint based on what counsel for Plaintiff contend they might be able to allege in yet another amendment. A complaint is judged on the well pleaded allegations of the instant complaint, not some hypothetical amended complaint. This argument holds true for the other four admissions for failure to allege and plead the causes of action properly.

II. **MOTION TO STRIKE ALL ALLEGATIONS BEGINNING ON PAGE 7, STARTING WITH THE PARAGRAPH "IN ADDITION TO THE FOREGOING" AND CONTINUING THROUGH PAGE 9 ENDING WITH "RECOVER ANY OF THEIR LOSSES" AND STRIKE THE PARAGRAPH ON PAGE 16 STARTING WITH "PLAINTIFF" AND ENDING "FOR THESE DEFENDANTS."**

The Court should disregard all the allegations beginning on Page 7, starting with the paragraph "In addition to the foregoing" and continuing through Page 9 ending with "Recover any of their losses" and strike the paragraph on page 16 starting with "Plaintiff" and ending "for these Defendants." These allegations are not relevant to the Motion to Dismiss because they are not alleged in the FAC. Recently, the United States Supreme Court stated that a Court may only consider when ruling on a 12(b)(6) motion, the allegations of the Complaint, documents incorporated in the complaint by reference, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor*, 127 S.Ct. 2499, 2503 (June 21, 2007). If Plaintiff believes the Court should consider these paragraphs and arguments, Defendants invite them to plead them properly. Otherwise, the Court may not consider these allegations when ruling on the motion at bar.

III. **PLAINTIFF FAILS TO INFORM THE COURT AND PARTIES OF THE SPECIFIC ACTS OF MAIL AND WIRE FRAUD AND HOW THEY FORM A PATTERN UNDER EITHER THE OPEN OR CLOSED ENDED PATTERNS OF RACKETEERING.**

As the FAC now stands, there are only two letters mailed within three months of each other, the interstate facsimile on May 5, 2006 and an email which on its face traveled intrastate. For a total

of four predicate acts.

Plaintiff's problem is that several of the alleged predicate acts do not stand up. For example, there is no allegation of falsity with regard to the May 5th facsimile. The allegation is that the facsimile purports to explain why payments for the second and third quarters were not made. However, it does not explain why in the Plaintiff's estimation those explanations were false or how they further the execution of the scheme to defraud. Thus, at least with regard to this predicate act, the pleader has failed to plead fraud with particularity. Absent an allegation of fraud the conduct cannot be considered a predicate act.

Failing to allege the falsity with respect to the May 5th facsimile leaves the Plaintiff with two mailings within three months of each other. This clearly falls within **HJ v. Northwest Bells** admonition that racketeering activity extending over a (few weeks or months) does not satisfy the substantial period of time requirement. *See* 492 U.S. 229 (1989). Moreover, in Footnote 14 of **Sedima v. Imrex**, 473 U.S. 479 (1985), the Supreme Court specifically noted that two of anything rarely constitutes a pattern.

The contrite nature of this pleading is best demonstrated by its internal inconsistencies. While the Plaintiff alleges that the May 5th facsimile purports to explain why payments for the second and third quarter of 2004 were not paid, Plaintiff's own chart show that the payments were made, but simply paid late causing interest charges to accrue. This action does not rise to the level of a fraudulent act.

Finally, while the Plaintiff claims that the July 30th letter is false because it states that taxes had been paid, Plaintiff's chart shows that within a month, Plaintiff paid the amounts due. As the Supreme Court recently held in two cases dealing with motions to dismiss, a complaint must allege sufficient facts to allege a plausible claim. **Bell Atlantic Corp v. Twombly**, 1275 S.Ct. 1955, 1974

(January 5, 2007). The inferences to be drawn from the allegations contained in the Complaint must be at least as compelling as any opposing inferences of non-fraudulent conduct. *Tellabs* at 2503. Here, on the face of the complaint an innocent inference of mistake, which was rectified within one month is equally as compelling as the Plaintiff's conclusional allegation of fraud. Therefore, Plaintiff fails to nudge their claims across the line from conceivable to plausible.

If the May 5th facsimile is not fraudulent, and the July 30th letter does not raise an inference of fraud and the email is not currently alleged to have traveled in interstate commerce, then there is only one mail fraud violation alleged which is insufficient to allege a pattern of racketeering. Thus, Plaintiff's FAC must be dismissed.

### IV. DIRECT INJURY IS REQUIRED.

Plaintiff concedes that the Ninth Circuit has not decided whether "direct reliance" is required, and further acknowledges that there is a circuit split on the issue. However, under *Anza v. Ideal Steel Supply Corp.*, 126 S.Ct. 1991 (2006), a direct injury is required; any reading of the case demonstrates as much. Indeed, the Supreme Court has made it clear that the Plaintiff must be injured by the predicate acts of racketeering. Currently, the FAC is devoid of an allegation alleging the predicate acts alleged are the proximate cause of the injuries prayed for. Therefore, the FAC should be dismissed. Alternatively, before this action is permitted to advance, the Court should require Plaintiff to replead and allege that the Plaintiff suffered a direct injury as a result of the predicate acts.

The court in *Paulos v. Caesars World Inc.*, 379 F.3d 654, 666, (9th Cir. 2004), declined to decide whether "direct reliance" was required. Later the Seventh Circuit created a split in the circuits which now must be resolved by the Supreme Court. *Phoenix Bond & Indemnity Co., v. Bridge*, 379 F.3d 928, 932-33 (7th Cir. 2007). Nevertheless, the Supreme Court still requires that

proximate cause (direct injury) be alleged and proved. All Plaintiff has achieved by citing *Paulos and Phoenix Bond* is to preserve yet another appellate issue for the Defendants.

V. CONSPIRACY.

With regard to the conspiracy argument Plaintiff alleges that they made a mistake in their FAC and allege that the conspiracy began in October 2006 rather than May 2005. Unfortunately, this admission would require that the Plaintiff replead as they cannot just say, "I made a mistake in the First Amended Complaint." Plaintiff must replead. On this basis alone, the case should be dismissed. Fraud cannot be plead with particularity based on mistakes and careless pleading.

VI. **WILLIAMS V. MOHAWK INDUSTRIES, INC., 411 F.3D 1252 (7TH CIR. 2005) CERTIORARI GRANTED, 126 S.CT. 2016 (2006) AND THE ASSOCIATION-IN-FACT ENTERPRISE.**

It is true that *Chang v. Chin*, 80 F.3d 1293 (9th Cir. 1996) was overruled by *Odum v. Microsoft Corporation*, 486 F.3d 541 (9th Cir. 2007) (*en banc*). However it should be pointed out that the ruling in *Odum* came out on May 4, 2007, roughly one month after Defendant's Motion to Dismiss was filed. This ruling saved their case as the First Amended Complaint was filed in contravention of the then prevailing case law. Nevertheless, another appellate issue remains under *Mohawk Industries*. In Defendant's Motion to Dismiss, in Footnote 2, the case is cited to preserve appeal.

In *Mohawk Industries*, the enterprise which *Mohawk Industries* alleged to control was an association-in-fact, that included *Mohawk Industries* and third-party recruiters, like Pacific Business Solutions, Inc. *Mohawk Industries* argued that the language of §1961 does not allow for a corporation to be a member of an association-in-fact. This is an imperative question, for if the law will recognize a corporation as an association-in-fact, then there is no enterprise whose activities *Mohawk Industries* can be said to control. As the existence of such an enterprise is an element of

any RICO Action,[1] the claim against *Mohawk Industries* cannot succeed without judicial recognition of the claimed association-in-fact as a valid RICO Enterprise.

§ 1961(4) of the RICO Statute states that an "enterprise includes any individual, partnership, corporation, association, or other legal entity, any union or group of individuals associated-in-fact although not a legal entity." See 18 U.S.C. §1961(4). *Mohawk Industries* states that the term "individuals associated-in-fact" refers only to natural persons and does not include corporations. *Williams* claim that this definition is broad and meant to include corporations as possible members of association-in-fact. This agreement centers around three points of contention:

1. The meaning of "individuals" in the phrase "individuals associated-in-fact";

2. A structural interpretation of §1961(4) as a whole; and

3. The meaning of "includes" as the introductory word of the definition of possible enterprises.

Therefore, the Court must determine what does "individuals associated-in-fact" mean as in §1961(4). *Mohawk* first argues that the word "individuals" must be read as meaning natural persons by noting the dual use of that term in §1961(4). The first clause of the definition refers to legal entities and in doing so details a list that expressly includes both an individual and a corporation.[2] Therefore, by listing both an "individual" and a "corporation", Congress signaled that these are not identical terms, nor is one subsumed with the other. *Mohawk* argues that as a basic tenet of statutory interpretation, a statue must be read in a matter as to avoid any word from being rendered superfluous. If "individual" is construed to include corporations, then the inclusion of the word

---

[1] *See United States v. Turkit*, 452 U.S. 576, 583 (1981).

[2] "Person includes any individual or entity capable of holding a beneficial interest in property". See 18 U.S.C. §1961(3).

"corporation" in the list of entities becomes redundant. In order to avoid the redundancy, "individual" and "corporation" must be read as separate terms, each nonconclusive of the other.

Next, *Mohawk* relies upon the definition of "person" in §1961(3). By this definition, "person includes any individual or entity capable of holding a beneficial interest in property." See 18 U.S.C. §1961(3). *Mohawk* argues that by using "individual" in the definition of "person", a person and a individual must be two separate concepts; "person" as a broad inclusive definition and "individual" meaning a human being. With these two (2) definitions established, it is argued that Congress declared its intent to exclude corporations from the definition "individuals associated-in-fact." This intent is evidence by Congress' purposeful use of the more narrow term "individual." If Congress meant to recognize corporations as members of associations-in-fact, they would have defined the term as "persons associated-in-fact." *Mohawk* argues that the failure to do so must be interpreted as a deliberate choice of the narrow term and a deliberate exclusion of corporations as possible constituents of an association-in-fact.

Thus, the question of whether a corporation may be a member of an association-in-fact for purposes of RICO action boils down to one question. Does the language "group of individuals associated-in-fact" expressly include corporations? Defendant submits that the word "individuals" has a different meaning than "persons" and does not include corporations. In the context of the two terms implies "individuals" is meant to refer to natural persons, while "entity" is meant to refer to legal persons such as corporations. §1961(4) of the statute defines a type of enterprise as "individuals associated-in-fact". See 18 U.S.C. §1961(4). Thus, the clear Congressional intent is that "individuals associated-in-fact" includes only natural persons, for if they meant to include corporations, the definition would state "persons associated-in-fact."

The above argument may be academic as Plaintiff has already admitted the Court has no

jurisdiction over the Defendants with the exception of potentially supplemental jurisdiction. Nevertheless, it is anticipated that the issue will be addressed by the Supreme Court in the near future.

### VII. SUPPLEMENTAL JURISDICTION.

As articulated in 18 U.S.C. §1367(c), a district court may decline to exercise supplemental jurisdiction under subsection (a) if "the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." In our case, the territorial claims certainly predominate the federal claims as the only legitimate claim is the breach of contract claim. This case filed in the Superior Court of Guam, absent RICO, will most likely satisfy the pleading requirements and survive any attempted Motion to Dismiss. Therefore, the Court should dismiss the Corporate Defendants as no jurisdiction exists in this Court. Plaintiff can feel free to sue the Corporate Defendants in the proper forum.

### VIII. CONCLUSION.

In conclusion, Plaintiff's own admissions require Plaintiff to replead. Plaintiff has admitted to mistakes in the Complaint, has admitted to failure to plead facts which they claim can prove predicate acts moved interstate rather than intrastate and have admitted that there is no jurisdiction against the Corporate Defendants. On those basis alone, Plaintiff's First Amended Complaint should be dismissed.

Additionally, Plaintiff has failed to satisfy the direct injury requirement and has agreed that with respect to the "direct reliance" issue, the Ninth Circuit will be reviewing this case in the future.

Finally, Plaintiff admits they have failed the strictures of Rule 9(b) by failing to plead fraud

with particularity. One must ask how can an allegation be particular when the dates of the pleading are wrong?

Defendants respectfully request that Plaintiff's First Amended Complaint be dismissed.

*Respectfully submitted* this 16th day of August, 2007.

TEKER TORRES & TEKER, P.C.

By: /s/
JOSEPH C. RAZZANO, ESQ.
*Attorneys for Defendants*

H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\PREMIER BUSINESS SOLUTIONS\017 dismiss REPLY.wpd

# CERTIFICATE OF SERVICE

I, Lawrence J. Teker, Esq., declare as follows:

1. I am over the age of majority and am competent to testify regarding the matters stated herein.

2. I hereby certify that on August 16, 2007, Defendant's Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss; Cross-Motion to Strike was served by hand delivery on Plaintiff's counsel, G. Patrick Civille, Esq., Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez, Avenue, Hagåtña, Guam 96910.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 16th day of August, 2007.

_____
LAWRENCE J. TEKER