1

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
2  HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE:  (671) 472-2601
3

4  *Attorneys for Defendants*

**FILED**
DISTRICT COURT OF GUAM

OCT 1 1 2007

**JEANNE G. QUINATA**
**Clerk of Court**

5

6

7

8  ### IN THE DISTRICT COURT OF GUAM

9  ----------

10  MARIANAS HOSPITALITY  )
CORPORATION dba HYATT REGENCY  )
11  GUAM,  )
   )
12  Plaintiff,  )
   )
13  v.  )   CIVIL CASE NO. CV-07-00002
   )
14  PREMIER BUSINESS SOLUTIONS, INC.,  )
PACIFIC BUSINESS SOLUTIONS, INC.,  )
15  ANNA MARIE TOVES, AND JESSE C.  )
TOVES.  )
16

----------

17

18

19

20  **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
21  JURISDICTION AND FOR FAILURE TO STATE A CLAIM UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

22

23

# ORIGINAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  THE ALLEGATIONS OF THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     A.   MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     B.   THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER
          THE CORPORATE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     C.   PATTERN OF RACKETEERING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     D.   PLAINTIFF HAS FAILED TO ALLEGE THAT IT WAS
          PROXIMATELY INJURED IN ITS BUSINESS AND PROPERTY
          BY THE PREDICATE ACTS OF RACKETEERING UNDER 1964
          (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     E.   PLAINTIFF'S SECOND CLAIM MUST BE DISMISSED AS IT
          FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM
          FOR CONSPIRACY IN A RICO ENTERPRISE THROUGH A
          PATTERN OF RACKETEERING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     F.   PLAINTIFF'S THIRD CLAIM FOR BREACH OF CONTRACT
          MUST FAIL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     G.   CONVERSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     H.   FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     I.   LABELS. CONCLUSIONS AND FORMULATIC RECITATION OF
          ELEMENTS OF A CAUSE OF ACTION ARE NO LONGER
          SUFFICIENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

     J.   PRESERVATION OF ARGUMENTS FOR APPEAL . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**Page Nos.**

## CASES

*Cahil v. Liberty Mutual Ins. Co.*,
80 F.3d 336, 338 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Balistreri v. Pacific Police Department*,
901 F.2d 696, 669 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kushner v. King*,
553 U.S. 158 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*H.J. Inc. v. Northwest Bell Telephone*,
492 U.S. 229 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Flaco v. Bernas*,
244 F.3d 289 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gamboa v. Velez*,
457 F.3d 703 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sedima v. Imrex*,
473 U.S. 479 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Holmes v. SIPC*,
503 U.S. 258 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*1nza v. Ideal Steel Supply*,
126 S.Ct. 1991 (U.S. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Swartz v. KPMG*,
476 F.3d 756, 761 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc.*,
532 U.S. 588 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Oakdale Village Group v. Fong*,
43 Cal.App.4th 539 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lopez v. Washington Mutual Bank*,
FA, 302 F.3d 900 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Unempl. Ins. Rep.*,
(CCH) (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## CASES (cont.)

*Mueller v. Technical Devices Corp.*,
8 N.J. 201 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bly-Magee v. California*,
236 F.3d 1014, 1018 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hobart v. Hobart Estate Co.*,
26 Cal.2d 412, 422 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Arnold & Associates, Inc. v. Misys Health Care Systems*,
275 F. Supp. 2nd 1013 (D. Ariz. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hemlani v. Flaherty*,
2003 Guam 17 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Elliott Assoc., L.P. v. Hayes*,
141 F. Supp. 2d 344, 354 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955, 1974 (U.S. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATUTES

18 U.S.C. 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. 1961(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. 1962(a)(b) or (c) and (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,4,6,10

## RULES

F.R.C.P. 9(b) and 9(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 14, 15

1  **TEKER TORRES & TEKER, P.C.**
   SUITE 2A, 130 ASPINALL AVENUE
2  HAGÅTÑA, GUAM 96910
   TELEPHONE: (671) 477-9891-4
   FACSIMILE:  (671) 472-2601
3

4  *Attorneys for Defendants*

5

6

7

8              **IN THE DISTRICT COURT OF GUAM**

9                        ----------

10  MARIANAS HOSPITALITY            )   Civil Case No. CV-07-00002
    CORPORATION dba HYATT REGENCY   )
11  GUAM,                           )
                                    )
12           Plaintiff,             )   **DEFENDANTS' MEMORANDUM OF**
                                    )   **POINTS AND AUTHORITIES IN**
13           v.                     )   **SUPPORT OF MOTION TO DISMISS**
                                    )   **FOR LACK OF SUBJECT MATTER**
14  PREMIER BUSINESS SOLUTIONS, INC.,  )   **JURISDICTION AND FOR FAILURE**
    PACIFIC BUSINESS SOLUTIONS, INC.,  )   **TO STATE A CLAIM UNDER**
15  ANNA MARIE TOVES, AND JESSE C.  )   **FEDERAL RULE OF CIVIL**
    TOVES.                          )   **PROCEDURE 12(b)(6)**
16

17                        ----------

18  **TO:    To Plaintiffs and their attorneys of record, G. Patrick Civille, Esq., CIVILLE &**
        **TANG, PLLC, Suite 200, 330 Hernan Cortez, Avenue, Hagåtña, Guam 96910.**
19

20                            **I.**

21              **PROCEDURAL HISTORY**

22      On February 28, 2007, Plaintiff Marianas Hospitality Corporation dba Hyatt Regency

23  Guam ("MHC") filed a complaint in the District Court of Guam against Premier Business

1  Solutions, Inc., ("Premier"), Pacific Business Solutions, Inc., ("Pacific"), Anna Marie Toves and

2  Jesse C. Toves (hereinafter collectively referred to as "defendants"). Prior to defendants moving

3  against that complaint, plaintiff amended the complaint alleging that two federal claims, namely

4  that defendants both (1) conducted a RICO Enterprise through a pattern of racketeering activity

5  pursuant to 18 U.S.C. 1961(5) and 1962(c) and (2) Conspired in a RICO Enterprise through a

6  pattern of racketeering activity. Plaintiff also alleged that defendants breached a contract; and

7  engaged in conversion and fraud.[1] Finally, Plaintiff seeks an accounting and restitution.

8       On September 18, 2007 a hearing was held on Defendants' Motion to Dismiss Plaintiff's

9  First Amended Complaint ("FAC"). From the bench, the Court dismissed the Amended

10  Complaint, but granted Plaintiff the opportunity to attempt to re-plead. On September 21, 2007,

11  Plaintiff filed their Second Amended Complaint alleging the same cause of action attempting,

12  unsuccessfully, to clean up their pleading deficiencies.

13  <center>II.</center>

14  <center>**THE ALLEGATIONS OF THE COMPLAINT**</center>

15       The Second Amended Complaint (hereinafter the "SAC") alleges that defendants were

16  retained to pay payroll taxes for plaintiff in 2002 which plaintiff concedes it did until 2005. In

17  2005 on several occasions and on one isolated occasion in 2006, however, Pacific failed to pay

18  individual FICA and medicare taxes. Plaintiff concludes that this is fraud and that the defendants

19  formed an association-in-fact enterprise consisting of Pacific and Premier, whose affairs they

20  conducted through a pattern of racketeering by depositing Internal Revenue Service ("IRS") forms

---

21
22
23  [1]Plaintiff's original Complaint included claims for disregard of corporate entity and director's liability. Plaintiff's original Complaint alleges claims which were denominated as claims which are forms of derivative liability rather than separate claims. Plaintiff must have realized these claims were not separate and in fact would destroy the "association in fact enterprise" element of a RICO claim and abandoned those claims.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

1  in the mail to the IRS and sending letters to the IRS. *See* Plaintiff's SAC filed on September 21,

2  2007 at paragraphs 30, 31, 33, 43 - 66. Plaintiff also alleges various **intrastate** e-mail and certain

3  oral representations. *See Id.*

### III.

### LAW

#### A.    MOTION TO DISMISS.

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim will be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. *Cahil v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). Dismissal is proper where there is no cognizable legal theory or an absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacific Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). As we will show below there is no cognizable legal theory which will support Plaintiff's RICO claim.

Indeed, Plaintiffs' SAC must be dismissed for the following reasons:

1.    Plaintiff has failed to allege a proper pattern of racketeering

2.    Plaintiff has failed to allege a causal connection between the alleged injury and the predicate acts

3.    Plaintiff has failed to allege facts to support a claim for conspiracy in a RICO enterprise through a pattern of racketeering

4.    Plaintiff has failed to allege an association-in-fact enterprise

5.    Plaintiff fails to allege facts sufficient to support a claim for Breach of Contract

6.    Plaintiff fails to allege facts sufficient to support a claim for Conversion

7.    Plaintiff fails to allege facts sufficient to support a claim for Fraud

8. Absent the RICO claim this court lacks subject matter jurisdiction

**B.  THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER THE CORPORATE DEFENDANTS.**

In the SAC the alleged RICO violations, the sole basis for federal jurisdiction, are alleged only against the Individual Defendants not the Corporate Defendants.  Therefore, there is no basis for federal jurisdiction over the Corporate Defendants.

Plaintiff could not allege a RICO claim against the Corporate Defendants because under well settled law the Supreme Court has held in *Kushner v. King*, 533 U.S. 158 (2001), that a RICO action requires two distinct entities - a person and an enterprise whose affairs the person conducts.  The defendant cannot simultaneously be the person and enterprise under subsection 1962(c).  Under subsection 1962(c) it is the corporate employee that "conducts its affairs" of the corporation through acts of racketeering.  In other words, the person or defendant, here Anna Marie Toves and Jesse C. Toves used the Corporate Defendants as a vehicle to commit fraud.  The purpose of subsection 1962(c) is to protect the enterprise from those who would use unlawful acts to conduct its affairs.  In *Kushner*, the court made clear that while the defendant employee, Don King, could be sued under subsection 1962(c), as the person conducting the affairs of his corporation, Don King Productions, the corporation could not.

Aware of this case the Plaintiff sought to bring itself within the cases mandate that only the defendant employees can be held liable for RICO violations not the corporation whose affairs are conducted.  Thus, they seek to hold only the Individual Defendants liable.

But, as a consequence there is no basis for federal jurisdiction against the Corporate Defendants and, they must consequently be dismissed.

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

## C.    PATTERN OF RACKETEERING.

Plaintiff's SAC fails to allege that defendants engaged in a "pattern of racketeering" which is an essential element to this cause of action.  In order to satisfy the requirements of the statute plaintiff must allege a pattern of racketeering which is either open ended, meaning it poses a threat of continuing racketeering activity extending into the future or, a closed ended pattern, meaning that the repeated predicate acts were extending over a substantial period.  *H.J. Inc. v. Northwest Bell Telephone*, 492 U.S. 229 (1989).

The e-mails sent by Anna Marie Toves from a place in Guam to Richard Reyes or Joseph Tydingco who was also in Guam are not predicate acts of wire fraud because the e-mails did not travel in interstate commerce as required under 18 U.S.C. 1343.  Under 18 U.S.C. 1343, a wire may serve as a jurisdictional predicate, only when the wiring was in fact interstate since the statute requires the use of interstate or foreign commerce.  The representations in Paragraphs 45 through 53 and 62 through 64 of Plaintiffs' SAC cannot be predicate acts as neither mailings or wires were used to transmit the communications.

Such meager predicate acts clearly pose no threat of continuing racketeering activity.  Thus, plaintiffs have failed to allege an open-ended pattern of racketeering nor have they alleged a closed-ended pattern of racketeering.  A closed-ended pattern of racketeering is defined by the Supreme Court as a series of related predicate acts extending over a substantial period of time.  *H.J., Inc. v. Northwest Bell Telephone*, 492 U.S. 229 (1989).  That is what is alleged here by the Plaintiff.

This is an insufficient time frame to demonstrate that a closed-ended pattern of racketeering was being committed.  Courts have held that predicate acts performed over the course of a year and a half were insufficient to form a closed-ended pattern of racketeering. *Falco*

1  *v. Bernas*, 244 F.3d 286 (2d Cir. 2001). Thus, the facts as pled by MHC are insufficient to

2  support the claim that defendants engaged in a pattern of racketeering as they failed to allege

3  defendants engaged in closed-end pattern of racketeering and do not meet the strictures of the

4  "substantial period of time" requirement.

5      Additionally, in *Gamboa v. Velez*, 457 F.3d 703 (7th Cir. 2006), the court held that a

6  complaint which presents a distinct and nonrecurring scheme with a built-in termination point and

7  providing no indication that the perpetrators have engaged or will engage in similar conduct does

8  not sufficiently allege continuity under Subsection 1962(c) for purposes of satisfying the

9  requirement set forth in *H.J., Inc. v. Northwest Bell Telephone*, 492 U.S. 229 (1989). For

10 example, in Paragraph 42, Plaintiff alleges a predicate act for a time frame that is not even

11 included in the matrix identified in Paragraph 35. Specifically, Paragraph 42 alleges that A.

12 Toves sent a Form 941-SS to the IRS regarding taxes paid for the 1st quarter of 2004. There are

13 no allegations that the taxes were not paid for this time period.

14     In Paragraph 43, Plaintiff alleges that on July 30, 2004, A. Toves sent a Form 941-SS to

15 the IRS stating she had paid the taxes for the 2nd quarter of 2004. In Paragraph 39, Plaintiff

16 admits that all of the taxes for this quarter were paid by July 16, 2004. By their own admission,

17 the content of this letter is true. Therefore, this cannot be a predicate act.

18     Paragraph 45 includes allegations involving the 4th quarter of 2004. There are no

19 allegations involving this time period.

20 **D.    PLAINTIFF HAS FAILED TO ALLEGE THAT IT WAS
        PROXIMATELY INJURED IN ITS BUSINESS AND**
21 **       PROPERTY BY THE PREDICATE ACTS OF
        RACKETEERING UNDER 1964(c).**

22

23     In *Sedima v. Imrex*, 473 U.S. 479 (1985), the Supreme Court held that a subsection

1   1962(c) injury is one that results from the predicate acts themselves. In the instant matter, there

2   was no injury to plaintiff as a result of the mailings and facsimile to the IRS. If any injury was

3   to result from the mailings and facsimile it would have been borne by the IRS, not the plaintiff.

4   The proximate cause of the plaintiffs alleged injury was not the mailings and the fax but, the

5   alleged conversion of the funds remitted to Pacific. Plaintiff briefly mentions that they received

6   copies of the letters that were sent and/faxed to the IRS, however, there are no facts indicating

7   the manner in which these copies were received. Therefore the actual mailings to the IRS and the

8   fax to the IRS were not the proximate cause of the plaintiff's injury. *Holmes v. SIPC*, 503 U.S.

9   258 (1992). The predicate acts of racketeering must be the proximate cause of the plaintiffs

10  injury. *Anza v. Ideal Steel Supply Corp.*, 126 S.Ct. 1991 (U.S. 2006).

11          It is well established that RICO Plaintiffs must prove proximate cause in order to recover.

12  *Id. Anza* makes clear that courts should scrutinize proximate causation at the pleading stage and

13  carefully evaluate whether the injury plead was proximately caused by the claimed RICO

14  violation. *Anza,* at 1997. In *Anza*, the Supreme Court instructed that "when a court evaluates a

15  RICO claim for proximate causation, the central question it must ask is whether the alleged

16  violation lead directly to the Plaintiff's injury". *Id.* at 1998. This central question stems from

17  the Supreme Court's earlier decision in *Holmes*, which examined "the common law foundations

18  of the proximate cause requirement" and specifically, the "demand for some direct relation

19  between the injury asserted and the injurious conduct alleged". *Id.* at 1996 (quoting *Holmes* at

20  268). Although *Anza* does not require Plaintiff to show that the injurious conduct be the sole

21  cause of the injury alleged, *Anza* does emphasize that in RICO cases there must be "some direct

22  relationship" between the injury alleged and the injurious conduct in order to show proximate

23  cause. In evaluating whether the requisite causal connection exists, *Anza* instructs that the

1    District Court must consider the motivating principle behind the proximate causation standard,

2    *i.e.*, the difficulty that can arise when a court attempts to ascertain the damages caused by remote

3    action. *Anza* at 1997. Thus, the less direct an injury is the more difficult it becomes to ascertain

4    the amount of Plaintiff's damages attributable to the violation, as distinct from independent

5    factors. *Holmes* at 269. Another consideration is the threat of duplicative recovery. The

6    requirement of direct causal connection is especially warranted where the immediate victims of

7    the alleged RICO violation can be expected to vindicate the laws by pursuing their own claims.

8    *Anza* at 1998. As the court noted in *Holmes*, "directly injured victims can generally be counted

9    on to vindicate the law as private attorneys general without any of the problems attendant upon

10   suits by plaintiffs injured more remotely." *Holmes*, at 269-70.

11        In this case, the predicate acts of racketeering where the mailing of the alleged false forms

12   941-SS to the IRS and the subsequent attempts to lull the Plaintiff into inaction by e-mails that

13   concealed the fraud. The form 941-SS predicate acts directly injure the IRS not the Plaintiff.

14   Indeed, the funds were allegedly converted before the predicate acts of racketeering even

15   occurred. Therefore, there could be no injury to the Plaintiff from the predicate acts. If the

16   allegations in the SAC are taken as truth, the Plaintiff's injuries stemmed from the acts of

17   conversion which preceded the pattern of racketeering aimed at the IRS. As such, the purpose

18   and direct result of any alleged racketeering scheme was not to defraud Plaintiff but, the IRS,

19   since Plaintiff was injured by the conversion of the Plaintiff's funds before the predicate acts of

20   mail fraud occurred. Thus, the scheme was aimed at and directly injured the IRS. Because there

21   is a more direct victim which is in a position to bring suit, dismissal is warranted. For example,

22   the *Anza* Plaintiff alleged that *Ideal Steel Supply Corp.* ("*Ideal*"), a competitor, had stopped

23   paying sales taxes to the New York tax authority, and used its tax savings to lower prices. The

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671)477-9891-4

1   Plaintiff sued for treble damages for the lost sales to *Ideal*. The Supreme Court concluded that

2   New York, which lost the tax revenue due to *Ideal's* fraudulent conduct was a direct victim who

3   could bring suit, not the Plaintiff. *Anza* at 1997. Indeed, the state of New York could be

4   "expected to pursue appropriate remedies". *Id.* at 1998. *Ideal's* decision to lower prices to its

5   customers and win sales from the Plaintiff was "entirely distinct from the alleged RICO violation

6   of mail and wire fraud as to taxes owed to New York". *Id.* at 1997. Similarly, in this case, the

7   Defendants allegedly converted the Plaintiff's money and, then allegedly engaged in a wholly

8   separate mail and wire fraud scheme to defraud the IRS of tax revenues. There is simply no

9   injury to the Plaintiff that resulted from the Defendants' conduct. The injury was directed at and

10  incurred by the IRS. There is simply no damages that directly connect the pattern of racketeering

11  and Plaintiff's injury. Plaintiff's injury preceded the racketeering which was clearly directed at

12  the IRS.

13        In addition, with respect to the allegations of the e-mails sent in 2006, Plaintiff plead that

14  the e-mails were sent in order to lull Plaintiff into inaction. However, those e-mails did not

15  directly cause the Plaintiff's injury, since the proceeds that Plaintiff provided Defendants had

16  already been allegedly converted by that time. So, while those acts may be part of a larger pattern

17  to conceal their fraud from the IRS and Plaintiff, those predicate acts of concealment could cause

18  no direct injury to Plaintiff as the injury had already occurred when the funds were originally

19  converted. In other words, if the Defendants had simply stole the Hyatt's money, would it had

20  made any difference whether it sent the IRS the forms? The answer is a resounding "No", the

21  fraud was complete when the money was taken. Finally, the most direct victim here, the IRS, is

22  fully capable of vindicating its rights in this matter.

23        Absent a direct causal relationship between the predicate acts and the injury there is no

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

1  RICO cause of action. *Swartz v. KPMG*, 476 F.3d 756, 761 (9th Cir. 2007). If there is no RICO

2  cause of action then the District Court does not have subject matter jurisdiction over this case.

3  This matter should be dismissed.

4  **E.  PLAINTIFF'S SECOND CLAIM MUST BE DISMISSED AS IT
       FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A

5      CLAIM FOR CONSPIRACY IN A RICO ENTERPRISE
       THROUGH A PATTERN OF RACKETEERING.**

6

7      The prerequisite to liability for conspiracy is an agreement to commit one of the activities

8  prohibited under one of the subsections of Section 1962.  In other words, the individual

9  defendants have had to enter into an agreement to commit substantive RICO offenses under

10  subsection (a), (b) or (c) by agreeing to participate in two predicate acts of racketeering. In the

11  present matter, plaintiff has failed to allege any facts to support the existence of any agreement

12  between the individual defendants nor does plaintiff identify what specific acts defendants

13  allegedly agreed.

14      Furthermore, as the Plaintiff is well aware any conspiracy alleged must be plead with

15  particularity.  In other words, Plaintiff must allege the time and place where the conspiracy was

16  born. See FRCP Rule 9 (b) and 9 (f).  Just as Plaintiff failed to allege the proper time frame in

17  the FAC they have once again failed to allege a proper and consistent time frame of the

18  conspiracy in the instant pleading.  Compare Plaintiff's SAC Paragraphs 85, 87 and 98.  In

19  Paragraphs 85 and 87, Plaintiff alleges that the conspiracy began in April, 2004.  Then two (2)

20  pages later, Plaintiff changes their story and informs the court that the conspiracy began in

21  January, 2002.  How can the Plaintiff maintain they have plead the conspiracy with particularity

22  when they cannot even tell the court when the conspiracy began?  The problem of the

23  inconsistency in pleading is extremely serious.  It is the difference between whether this case falls

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

1  under the mandates of Supreme Court's ruling in ***Wharf (Holdings), supra,*** or another line of
2  Supreme Court cases.

3  Next, in Paragraph 120, the Plaintiff states that "A. Toves and J. Toves, jointly or singly,
4  as part of the conspiracy between the J. Toves and A. Toves". How does one act <u>singly</u> as part
5  of a conspiracy? The very definition of a conspiracy is at least two (2) people acting jointly. This
6  just further reveals that the Plaintiff has no facts or any idea of a conspiracy and simply is
7  guessing at the dates in yet another attempt to pigeonhole this case into a RICO claim.

8  F.    **PLAINTIFF'S THIRD CLAIM FOR BREACH OF**
       **CONTRACT MUST FAIL.**
9

10  Plaintiff's third claim for breach of contract is so vague and unclear that defendants cannot
11  determine which party or parties this cause of action is being alleged against. Plaintiff
12  incorporates the allegations in paragraphs 1 through 37 into this claim and does not specifically
13  identify who this claim is being alleged against. They fail to identify the parties to the contract,
14  the date the contract was allegedly executed, and whether it was in writing. It is not clear if
15  plaintiff is alleging that all the named parties breached the contract.

16  The individual named defendants are not parties to any contract with MHC and therefore
17  cannot be accused of breaching a contract to which they were never a party. Additionally, as the
18  SAC is currently pled, the defendants are unable to determine which provisions of the contract
19  plaintiff is alleging were breached. Plaintiff is simply setting forth conclusory statements without
20  providing any facts to support their allegations. Consequently, this claim must be dismissed as
21  it fails to state a claim for which relief can granted.

22  G.    **CONVERSION.**

23  Conversion has been defined as the exercise of dominion over the personal property of

1  another in exclusion or defiance of the latter's right. *Oakdale Village Group v. Fong*, 43

2  Cal.App.4th 539 (1996). An essential element of a conversion action is defendant's conversion

3  of the plaintiff's property by wrongful act. *Lopez v. Washington Mutual Bank*, FA, 302 F.3d

4  900, *Unempl. Ins. Rep.* (CCH) (9th Cir. 2002). There must be an actual conversation or a

5  refusal to deliver to constitute a conversion. *Mueller v. Technical Devices Corp.* 8 N.J. 201

6  (1951). The SAC does not allege any facts to indicate that defendants exercised dominion and

7  control over plaintiffs property. Plaintiff fails to plead any facts that indicate the defendants

8  engaged in a  wrongful act. Paragraph 35 of the SAC identifies the periods of time that the

9  payroll taxes were allegedly not paid. For the second and third quarters of 2004, the second and

10  third quarter of 2005 and the first and second quarter of 2006, the payroll taxes were paid on

11  behalf of MHC. There is a discrete period of time where plaintiff alleges that an issue arose with

12  respect to payment of payroll taxes. Plaintiff fails to plead any facts to support their contention

13  that defendant's exercised control over those funds and converted them for their own use. Plaintiff

14  simply makes conclusory statements without any facts to support them. Consequently, the SAC

15  fails to state a claim for conversion.

16  **H.    FRAUD.**

17  Finally, the SAC fails to allege fraud with particularity in accordance with Rule 9 of the

18  FRCP. Rule 9(b) of the FRCP codifies the principle that claims sounding in fraud should be

19  dismissed at the pleading stage if they do not plead fraud with particularity. This requirement

20  "serves not only to give notice to defendants of the specific fraudulent conduct against which they

21  must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown

22  wrongs, to protect [respondents] from the harm that comes from being subject to fraud charges,

23  and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and societies

1   enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236
2   F.3d 1014, 1018 (9th Cir. 2001) (citation omitted).

3       The elements for a claim for fraud are: (1) the defendant must have made a representation
4   of a past or existing material fact; (2) the representation must have been false; (3) the defendant
5   must have known that the representation was false when it was made; (4) the defendant must have
6   made the representation the intent to defraud the plaintiff; (5) the plaintiff must have been unaware
7   of the falsity of the representation; must have acted in reliance upon the truth of the representation
8   and must have been justified in relying upon the representation. *See generally, Hobart v. Hobart*
9   *Estate Co.* 26 Cal.2d 412, 422 (1945); *Arnold & Associates, Inc. v. Misys Health Care Systems,*
10  275 F. Supp. 2nd 1013 (D. Ariz. 2003); *Hemlani v. Flaherty,* 2003 Guam 17 (2003).

11      Here, a promise to perform in the future can be a fraudulent misrepresentation, but only
12  if the plaintiff alleges that at the time the statement was made the defendant had no intention to
13  perform. *See,* e.g., *Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc.*, 532 U.S. 588 (2001);
14  *Elliott Assoc., L.P. v. Hayes*, 141 F. Supp. 2d 344, 354 (S.D.N.Y. 2000) aff'd. memo 26 Fed.
15  Approx. 83 (2d Cir. 2002).

16      The instant SAC never alleges any facts showing that when the defendant entered into the
17  contract with plaintiff, they had no intent to fulfill the obligations. As stated above, in order to
18  allege fraud, plaintiff must allege a material misrepresentation of an existing or past fact. The
19  mere fact that a party to a contract does not deliver the services promised, does not state a claim
20  for fraud in the absence of facts showing that the defendant did not intend to honor his promise
21  at the time the promise was made. Plaintiff must allege facts showing a secret intent not to honor
22  the contract amounted to a misrepresentation. For example, in *Wharf (Holdings) Ltd. v. United*
23  *Int'l Holdings, Inc.*, 532 U.S. 588, 597 (2001), the Supreme Court held that a secret intention

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

-15-

1  not to honor an option agreement was actionable fraud, but in that case, plaintiff could point to

2  contemporaneous internal documents suggesting that Wharf never intended to carry out its

3  promise. No such facts are alleged here to show that defendants formed a secret intent not to

4  honor the contract with MHC. There are no facts alleged to even suggest that the defendants

5  made promises to plaintiff that it never had any intention of fulfilling. The plaintiff may well have

6  transmitted money to the defendants based upon their promise that they would provide payroll

7  services, but in the absence of an allegation that the defendants had no intention of carrying out

8  that promise, the allegation that the services were not performed does not imply fraud. Moreover,

9  in their SAC plaintiff states that the contract was formed in 2002, however, the alleged conversion

10 began in 2004. Therefore, one must ponder how could there have been a secret intent to

11 misrepresent a material fact at the time the contract was entered into with the plaintiff? In fact,

12 Plaintiff's SAC admits that for at least two years the contract was honored without issue.

13 Compare SAC Paragraphs 24 and 31, see also Paragraphs 85, 87 and 94. To believe Plaintiff,

14 one must make the quantum leap and believe that the Toves' in January, 2002 agreed and

15 conspired to steal from the Hyatt through an elaborate scheme of predicate acts, but that they

16 would wait to begin the fraud for a period of twenty-eight (28) months. Ridiculous!

17     As plead, the Plaintiff in Paragraphs 24 and 94 asks the court to believe that a conspiracy

18 began on or about January, 2002 and continued through 2006. However, in Paragraphs 31, 85

19 and 87, Plaintiff alleges that the conspiracy commences on April 2004. This inconsistent, sloppy

20 and unorganized pleading is exactly the reason why Rule 9(b) exists. Additionally, in paragraph

21 30, Plaintiff contradicts themselves once again by stating that they are unsure of when the scheme

22 to defraud began. "Upon information and belief beginning in or about January, 2002, the second

23 quarter of the year 2000, the exact date and circumstances which are not known to MHC, the

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

1    individual Defendants, as part of the scheme, utilized the enterprises to divert to their own use

2    monies received from the clients of the enterprises". See SAC at Paragraph 30. This sentence

3    is a perfect example of why sloppy pleading and inattention to detail is not acceptable when

4    pleading fraud. In analyzing this one sentence, we learn that the Plaintiff admittedly has no

5    knowledge of when the scheme or artifice to defraud began, however, it appears that they are

6    guessing it began in January, 2002. They are only asserting this allegation because the court

7    dismissed their previous allegation in the First Amended Complaint, so now they are attempting

8    to plead that the fraud occurred through the entire relationship as it is obvious that Plaintiff cannot

9    pinpoint with accuracy either when the fraud or conspiracy began. Therefore, the allegations of

10   fraud have not been plead with particularity and have failed the strictures of Rule 9(b).

11   Interestingly, this sentence has additional factual misstatements.    The second portion of the

12   sentence claims that the fraud began in or about January, 2002 during the second quarter of the

13   year 2000. Once again, Plaintiff pleads that the fraud occurred prior to the date when the

14   relationship between the parties began. Defendants suspect that Plaintiff's opposition, once again,

15   will claim that the mispleading was a mere typographical error and should be overlooked by the

16   court. However, one must ask how many attempts will the court provide the Plaintiff to plead

17   the proper cause of action as this is now their third bite at the apple? Unbelievably, a third error

18   occurs in the same sentence, Plaintiff in conclusory and formulatic fashion alleges that the

19   individual Defendants "diverted the funds to their own use, monies received from the clients of

20   the enterprises." The remainder of the pleading is completely devoid of any allegation, other than

21   the conclusory allegation, that shows where the money was diverted to, what bank account and

22   who or what it was used for. Why? Because after nine (9) months of work on this case, the

23   Plaintiffs still cannot provide any explanation or allege any set of facts supporting the alleged

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671)477-9891-4

1  fraudulent conduct. The Supreme Court has already ruled in ***Bell Atlantic Corp. v Twombly,*** 127

2  S.Ct. 1955, 1974 (U.S. 2007), that labels and conclusions and formulatic recitation of elements

3  of a cause of action are no longer sufficient, factual allegation must accompany the elements of

4  a claim.

5      Because once again, the Plaintiff has failed to allege fraud with particularity and attempts

6  to fulfill its pleading failures with conclusory allegation, the case must be dismissed.

7      When averments of fraud are made the circumstances constituting the alleged fraud must

8  be specific enough to give defendants notice of the particular misconduct so that they can defend

9  against the charge and not just deny that they have done anything wrong; averments of fraud must

10 be accompanied by the who, what, where, when and how of the misconduct charged. ***Vess v.***

11 ***Ciba-Geigy Corp. USA,*** 317 F. 3d 1097 ( 9th Cir. 2003). Plaintiffs certainly failed to satisfy the

12 requirements set forth in ***Vess.*** They do not identify <u>what</u> the fraudulent representations were,

13 they do not state <u>where</u> they were made, they do not state <u>when</u> they were made nor do they state

14 <u>how</u> they were made. As such this claim must be dismissed as plaintiffs failed to plead facts

15 sufficient to sustain this cause of action.

16 **I.      LABELS,     CONCLUSIONS     AND     FORMULATIC**
       **RECITATION OF ELEMENTS OF A CAUSE OF ACTION**
17     **ARE NO LONGER SUFFICIENT.**

18     Continuing with the Supreme Court's ruling in ***Bell Atlantic*** and as discussed in

19 Defendants' previous Motion to Dismiss, Defendants once again, invite the court to review the

20 allegations regarding e-mail correspondence, specifically, Paragraphs 49 through 53. In an

21 attempt to create additional predicate acts, Plaintiff, rather than informing the court of how the

22 e-mail was transmitted, in other words, explaining where the server is located to prove that the

23 e-mail traveled in interstate commerce, Plaintiff simply alleges a conclusory allegation stating that

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

Case 1:07-cv-00002    Document 53    Filed 10/11/2007    Page 20 of 22
-16-

1 the "e-mail was transmitted via a server located outside of Guam therefore, constituting a

2 interstate communication." The reason Plaintiff does this is because they have no facts or

3 knowledge or otherwise of how or where the server is located. This becomes more blatantly

4 obvious when the court reviews Paragraphs 62 through 64. In those paragraphs, Plaintiff attempts

5 to assert that the e-mails sent to Joseph Tydingco, Jr. at Community First Bank were also

6 transmitted via server located outside of Guam. What the Plaintiff wishes this court to believe

7 is that every e-mail sent on Guam travels through a server located outside the jurisdiction and

8 comes back to Guam. Although Defendants concede that one must take the allegations plead by

9 Plaintiff as true, those allegations must have some sound basis in fact, and not be completely

10 laughable. But regardless of whether the allegations are laughable or not, they certainly are in

11 violation of the Supreme Court's ruling in **Bell Atlantic**. In order to plead the predicate acts

12 properly, the Plaintiff would be required to inform the Defendant and the court the route with

13 which the e-mail communication traveled. Of course, this has not been done in the Plaintiff's

14 SAC.

15 **J.     PRESERVATION OF ARGUMENTS FOR APPEAL.**

16     Defendants respectfully inform the court and Plaintiff arguments raised in Defendants'

17 Motion to Dismiss filed on April 16, 2007, the Reply Brief filed on August 16, 2007 are hereby

18 raised and preserved for appeal.

19 ///

20 ///

21 ///

22 ///

23 ///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

1   WHEREFORE, Defendants respectfully request that Plaintiff's Second Amended

2   Complaint be Dismissed.

3       *Respectfully submitted* this 11ᵗʰ day of October, 2007.

4                                       **TEKER TORRES & TEKER, P.C.**

5

6                                       By: _____
                                            JOSEPH C. RAZZANO, ESQ.
7                                           *Attorneys for Defendants*

8   JCR:cs
    021 PLDG- DISMISS MEMO.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23