CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Marianas Hospitality Corporation,*
*dba Hyatt Regency Guam*

FILED
DISTRICT COURT OF GUAM

MAR 26 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES. <br><br> Defendants. | CIVIL CASE NO. 07-00002 <br><br><br><br><br> **PLAINTIFF'S OPPOSITION TO REQUEST FOR STAY** |

Plaintiff, MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, oppose defendants' request to stay proceedings pending a ruling by the United States Supreme Court of the Seventh Circuit's decision in the *Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d 928, 932-33 (7th Cir. 2007). Defendants correctly note that the Supreme Court has accepted the Phoenix Bond case for review and that the matter is expected to be decided this term. The Supreme Court's decision in *Phoenix Bond* will not be dispositive to plaintiffs' claim for relief under federal RICO statutes.

1

ORIGINAL

Defendants' claim that plaintiffs RICO allegations are insufficient because plaintiffs fail to adequately allege that they *relied* on the predicate acts of mail and wire fraud. The Ninth Circuit has expressly declined to decide whether direct reliance on the defendants' misrepresentations is required. In *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353 (9th Cir. 2005), the court stated:

> Under 18 U.S.C. § 1964(c), civil RICO plaintiffs must demonstrate causation, specifically that they were injured "by reason of" the alleged racketeering activity of the defendant. 18 U.S.C. § 1964(c). "It is well settled that, to maintain a civil RICO claim predicated on mail [or wire] fraud, a plaintiff must show that the defendants' alleged misconduct proximately caused the injury." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir.2004) (*citing Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)). Although, in some cases, "reliance may be a milepost on the road to causation," *id.* (quoting *Blackie v. Barrack*, 524 F.2d 891, 906 n. 22 (9th Cir.1975))., we have in the past declined to announce a black-letter rule that reliance is the only way plaintiffs can establish causation in a civil RICO claim predicated on mail or wire fraud. *Id.* at 666.

*Living Designs, Inc.*, 431 F.3d at 362-63.

The Seventh Circuit n *Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d 928, 932-33 (7th Cir. 2007, joining a four to two majority of the circuits, held that plaintiffs, as direct victims of a scheme under which was carried out using the mails did not have to be the direct recipients of the fraudulent statements. *Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d 928, 932-33 (7th Cir. 2007). Specifically, the *Phoenix* court explained:

> The mail fraud statute, 18 U.S.C. § 1341, defines a fraudulent *scheme,* rather than a particular false statement, as the crime. It is illegal to obtain money by a scheme that entails fraud, if use of the mail is integral to the scheme. That's why it is unnecessary to show that the false statement was made to the victim. A scheme that injures D by making false statements through the mail to E is mail fraud, and actionable by D through RICO if the injury is not derivative of someone else's.

*Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d at 932; *see also Systems Management, Inc. v. Loiselle*, 303 F.3d 100, 104 (1st Cir. 2002) (holding that RICO "does not require 'reliance' by

2

anyone, and that "under a literal reading of RICO - the presumptive choice in interpretation - - nothing more than the criminal violation and resulting harm is required). This is the issue the Supreme Court has granted certiorari to review.

While plaintiffs are confident that *Phoenix Bond* is sound and will be upheld on appeal, it is not dispositive to this case. Even assuming reliance is required, the SAC adequately alleges reliance on a predicate acts of wire fraud. While a RICO plaintiff may use numerous predicate acts targeting other victims to show evidence of a "pattern" of racketeering, the plaintiff need only be injured by a single predicate act committed in furtherance of the scheme. *See Giuliano v. Everything Yogurt, Inc.*, 819 F. Supp. 240, 243 n.3 (E.D.N.Y., 1993); *see also Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806, 809 & n. 6 (7th Cir.1987) (injury sustained by plaintiff through one predicate act sufficient to confer standing); *Town of Kearny v. Hudson Meadows Urban Renewal Corp.,* 829 F.2d 1263, 1268 (3d Cir.1987) (plaintiff has standing to sue under § 1962(c) notwithstanding that act of bribery did not injure the plaintiff); *see also Terminate Control Corp. v. Horowitz.* 28 F.3d 1335, 1347 (2nd Cir. 1994) (stating that the holdings in *Marshall & Ilsely* and *Kearny* to the effect that the pattern of racketeering activity may be based upon predicate acts directed against nonplaintiffs as long as one act injures the plaintiff so as to create standing for the plaintiff "appears to be a correct reading of § 1964(c)," but finding it unnecessary to decide the issue).

Paragraphs ¶¶ 49-53 of the SAC alleges that on March 2, 2006, March 10, 2006, November 21, 2005, and August 26, 2005, Defendant A. Toves sent emails to a Hyatt employee making false representations in furtherance of the scheme to use the Enterprise (i.e., the Corporate Defendants) to defraud the Corporate Defendants' clients of payroll and tax monies entrusted to the Corporate Defendants for such payments. The SAC alleges that these emails traveled through

3
Case 1:07-cv-00002 Document 65 Filed 03/26/2008 Page 3 of 4

servers outside of Guam, and were therefore interstate communications constituting wire fraud. The SAC alleges that MHC relied on these emails, and was injured thereby in having incurred liability for the tax payments to the IRS and penalties of over $400,000 assessed against MHC by the IRS. Therefore, the SAC adequately alleges that the MHC in fact relied upon the misrepresentations forming the basis of the predicate acts of wire fraud, and the injury caused to MHC by the Individual Defendant's commission of the predicate acts was the proximate cause of the MHC's injury thus stating a cause of action under RICO.

In light of the foregoing, plaintiffs pray that the request to stay be denied.

DATED at Hagåtña, Guam, on March 26, 2008.

CIVILLE & TANG, PLLC

By: _____
G. PATRICK CIVILLE
*Attorneys for Plaintiff*
*Marianas Hospitality Corporation,*
*dba Hyatt Regency Guam*