TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendants*

FILED
DISTRICT COURT OF GUAM
MAR 3 1 2008
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION dba HYATT REGENCY GUAM, | CIVIL CASE NO. CV-07-00002 |
| Plaintiff, | REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING DECISIONS OF THE U.S. SUPREME COURT |
| vs. | |
| PREMIER BUSINESS SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

NOW COME Defendants, by and through their counsel of record, Joseph C. Razzano, of the Law Office of Teker, Torres & Teker, P.C., and hereby file this Reply to Plaintiff's Opposition to Defendant's Motion for Stay Pending Decisions of the U.S. Supreme Court.

///

///

///

## INSTRUCTIONS

The crux of Defendant's Motion for Stay surrounds the issue of proximate cause and whether or not reliance is required by the plaintiff on the predicate acts of the Defendants in a case under the RICO Act. As the court is well aware from the previous briefing in this case, the U.S. Supreme Court ruled in *Anza v. Ideal Steel Supply Corp.*, 126 S.Ct. 1991 (2006), that the victim of the wire fraud or mail fraud must be a direct victim and found that *Anza's* damage was too attenuated between the claimed harm and the claimed RICO violation revealing an absence of proximate causation. However, the *Anza* Court did not address whether "reliance" was required for those predicate acts.

The Ninth Circuit has not decided whether reliance is required and there is a split in the circuits with respect to whether reliance on the predicate acts of defendants is required by the Plaintiff in a RICO case.

The Seventh Circuit in *Phoenix Bond and Indemnity Co. v. Bridge*, 477 F.3d 928, 932 –33 (7th Cir. 2007), certiori granted by *Bridge v. Phoenix Bond and Indemnity Co.*, 2008 WL 54347, 76 USLW 307B (U.S. January 4, 2008)(No. 07-210) stated that reliance was not required. However, certiori was granted on January 4, 2008 and the oral arguments in *Phoenix Bond* are set to occur on April 14, 2008. The issue on certiori is "whether reliance is a required element of a RICO claim predicated on mail fraud and whether reliance must be on behalf of the Plaintiff or some other Third-Party." Eleven days after certiori was granted in *Phoenix Bond*, the U. S. Supreme Court issued its ruling in *Stoneridge Investors, LLC v. Scientific Atlanta*, 128 S.Ct. 761 (January 15, 2007).

*Scientific Atlanta* is a securities fraud class action, brought under § 10(b). In *Scientific Atlanta*, Stoneridge Investors, LLC brought a class action against Charter Communications, Inc. Charter issued financial statements and the securities which were the subject of the lawsuit. Sometime in 2000, executives of Charter realized the company would miss their operating cash flow numbers

by between Fifteen and Twenty Million Dollars ($15,000,000.00 ~ $20,000,000.00). To help meet the shortfall, Charter decided to alter existing contracts with Scientific Atlanta and Motorola. Scientific Atlanta provided cable boxes to Charter and Charter arranged to overpay Twenty Dollars ($20.00) for each cable box until the end of the year. This was done with the understanding that Scientific Atlantic would return the amounts due and owing by purchasing advertising from Charter. Obviously, this transaction had no economic substance. However, because Charter would book the advertising as revenue and capitalize the cable boxes, this transaction violated generally accepted accounting principles and was done to fool auditors. The final result was that operating cash flow was overvalued.

The issue, reviewed by the U.S. Supreme Court, was "did investors rely on Scientific Atlanta's acts as an aider and abeter?" The Court held that "reliance by the plaintiff upon defendant's deceptive acts is an element of a 10(b) private cause of action. It ensures that, for liability to arise, the requisite casual connection between a defendant's misrepresentation and a plaintiff's injury exists as a predicate for liability." *Scientific Atlanta*, 128 S.Ct. at 769.

## CONCLUSION

The U.S. Supreme Court having just recently held in a 10(b) case that reliance is required by the Plaintiff on Defendant's actions, misstatement, etc., it is logical to believe that the U.S. Supreme Court will also rule that reliance is required on Defendant's predicate acts and that those predicate acts had to directly harm the Plaintiff. Historically, securities fraud and racketeering have been closely related causes of action and often found within the same case or scheme. Therefore, the court will most likely want to solidify the law on both areas and resolve once and for all the current split in the circuits.

Wherefore, Defendants pray that the Court issue a brief stay in the pending action until the

U.S. Supreme Court issues their ruling in *Phoenix Bond*. This decision will most likely occur during the U.S. Supreme Court's summer session in which opinions are issued prior to June 30, 2008.

Respectfully submitted this 31st day of March, 2008.

TEKER TORRES & TEKER, P.C.

By _____
JOSEPH C. RAZZANO, ESQ.
*Attorneys for Defendants*

JCR:dq
029 PLDG-REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY.wpd