CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff Marianas Hospitality
Corporation, dba Hyatt Regency Guam*



FILED
DISTRICT COURT OF GUAM

JUL 18 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES, <br><br> Defendants. | CIVIL CASE NO. CV07-00002 <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [No Hearing Requested] |

## MOTION

Plaintiff, Marianas Hospitality Corporation, d/b/a/ Hyatt Regency Guam ("MHC") hereby moves this Court for leave to file a supplemental opposition to the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). The motion is based on the ground that the Supreme Court of the United States issued a decision on June 9, 2008 in the case *Bridge v. Phoenix*

*Bond & Indemnity Co.*, --- U.S. --- 128 S.Ct. 2131 (2008), which has direct relevance to the arguments raised on the Defendants' Motion to Dismiss and MHC's Opposition thereto.

This motion is brought pursuant to the Court's inherent authority, and is supported by the following memorandum of points and authorities and all matters on record in this proceeding. A hearing is not requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Marianas Hospitality Corporation, d/b/a/ Hyatt Regency Guam ("MHC") filed its Second Amended Complaint ("SAC") in this matter on September 21, 2007. On October 11, 2007, the Defendants filed a Motion to Dismiss MHC's SAC arguing that the SAC should be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). MHC filed an opposition to the motion to dismiss on January 11, 2008, and the Defendants filed a Reply to MHC's Opposition on March 18, 2008.

MHC requests leave of this Court to file a supplemental memorandum in opposition to the Defendants' Motion to Dismiss, for the purpose of bringing to the Court's attention a pertinent decision rendered by the Supreme Court of the United States on June 9, 2008 in the case *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2131 (2008). The Supreme Court's unanimous opinion affirms the Seventh Circuit's opinion in *Phoenix Bond & Indemnity Co. v. Bridge*, 477 F.3d 928, 932-33 (7th Cir. 2007), which MHC cited and relied upon in its memorandum opposing the Defendants' Motion to Dismiss MHC's SAC.

The Supreme Court's decision resolves a Circuit-split on the issue of whether reliance is a required element of a RICO claim predicated on mail fraud. The Supreme Court's decision, which was issued after briefing was completed on the Defendants' Motion to Dismiss, furnishes strong additional support for MHC's opposition to the Defendants' motion to dismiss and MHC's position that the SAC sufficiently alleges a federal claim against Defendants Anne Marie Toves

2

and Jesse C. Toves, for Conduct and Participation in a RICO Enterprise Through a Pattern of Racketeering Activity in violation of RICO, 18 U.S.C. §§ 1961(5) and 1962(c). In a unanimous opinion delivered by Justice Thomas, which is attached as Exhibit 1 to the Supplemental Opposition attached hereto as Exhibit A, the Supreme Court has expressly rejected the argument implicated in the Defendants' Motion and Reply, that the element of injury in a civil RICO claim based on mail/wire fraud requires a showing that the plaintiff relied on the misrepresentations contained in the mailings/wire communications.

MHC's supplemental opposition memorandum is attached as Exhibit A to this motion. The attached supplemental memorandum is submitted to inform this Court of this intervening development in the law, and to discuss briefly its effect on the arguments raised by the Defendants in the pending Motion to Dismiss and MHC's position that the Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, MHC respectfully requests that the Court grant its motion for leave to file the attached supplemental opposition to the Defendants' Motion to Dismiss the Second Amended Complaint.

Respectfully submitted this 18th day of July, 2008.

CIVILLE & TANG, PLLC

By: _____
JOYCE C.H. TANG
G. PATRICK CIVILLE
*Attorneys for Plaintiff Marianas Hospitality Corporation, dba Hyatt Regency Guam*

# EXHIBIT A

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff Marianas Hospitality
Corporation, dba Hyatt Regency Guam*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIANAS HOSPITALITY CORPORATION, dba HYATT REGENCY GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER BUSINESS SOLUTIONS, INC., PACIFIC BUSINESS SOLUTIONS, INC., ANNA MARIE TOVES, AND JESSE C. TOVES, <br><br> Defendants. | CIVIL CASE NO. CV07-00002 <br><br> **SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

### I. INTRODUCTION

This Supplemental Brief is respectfully submitted by Plaintiff, Marianas Hospitality Corporation, d/b/a/ Hyatt Regency Guam ("MHC" or "Hyatt") to call this Court's attention to the opinion of the Supreme Court of the United States rendered in *Bridge v. Phoenix Bond & Indemnity Co.*, --- U.S. --- 128 S.Ct. 2131 (2008), on June 9, 2008. This decision clarifies an issue raised by the Defendants herein in their pending Rule 12(b)(6) motion. In its opinion, which is attached hereto as Exhibit 1, the Supreme Court unanimously held that a "plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing

proximate causation, that it relied on the defendant's alleged misrepresentations. *Bridge v. Phoenix Bond & Indemnity Co.*, -- U.S. --, 128 S.Ct. at 2141. In light of this holding, as explained further below, a denial of the Defendants' Motion to Dismiss is more clearly warranted.

## II. ARGUMENT

### A. The Supreme Court's Decision in *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S.Ct. 2131 (2008).

The question presented before the Supreme Court in *Phoenix Bond* was the same question Defendants have raised in this case, namely: "whether a plaintiff asserting a RICO claim predicated on mail fraud must plead and prove that it relied on the defendant's alleged misrepresentations." *Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2131. The Seventh Circuit found that first-party reliance was not a required element. *Id.* The Supreme Court agreed and affirmed.

In *Phoenix Bridge*, the plaintiffs/respondents were bidders at the Cook County (Illinois) real property tax lien sales. *Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2135. Because the bids often resulted in ties, the county's solution was "to allocate parcels 'on a rotational basis' in order to ensure that liens are apportioned fairly among 0% bidders." *Id.* at 2135. A potential problem existed because persons could obtain a larger percentage of the liens by bidding themselves and also sending agents to bid on their behalf. *Id.* at 2135.

> To prevent this kind of manipulation, the county adopted the "Single, Simultaneous Bidder Rule," which requires each "tax buying entity" to submit bids in its own name and prohibits it from using "apparent agents, employees, or related entities" to submit simultaneous bids for the same parcel. Upon registering for an auction, each bidder must submit a sworn affidavit affirming that it complies with the Single, Simultaneous Bidder Rule.

*Id.* at 2135.

The plaintiffs/respondents, who were regular participants in Cook County's tax lien sales, sued the defendants/petitioners under the civil RICO statute alleging that defendant/petitioner "Sabre Group, LLC, and its principal Barrett Rochman arranged for related firms to bid on Sabre Group's behalf and directed them to file false attestations that they complied with the Single, Simultaneous Bidder Rule," *id.*, thereby obtaining a disproportionate percentage of liens, which thereby injured the plaintiffs by depriving the plaintiffs of a share of these liens. Notably, there

2

was no allegation that the false affidavits were sent in the mails. *See id.* at 2136 and 2138. Rather, as part of this scheme, the plaintiffs alleged that the defendants sent hundreds of notices by mail to the property owners as required under Illinois law, which was in furtherance of the fraudulent scheme. *Id.*

The Supreme Court first started its analysis by summarizing the applicable statutes, including the RICO private right of action statute (18 U.S.C. § 1964(c)) and the mail fraud statute (18 U.S.C. § 1861). The Court explained:

> RICO's private right of action is contained in 18 U.S.C. § 1964(c), which provides in relevant part that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." Section 1962 contains RICO's criminal prohibitions. Pertinent here is § 1962(c), which makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate or foreign commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." The term "racketeering activity" is defined to include a host of so-called predicate acts, including "any act which is indictable under ... section 1341 (relating to mail fraud)." § 1961(1)(B).
>
> The upshot is that RICO provides a private right of action for treble damages to any person injured in his business or property by reason of the conduct of a qualifying enterprise's affairs through a pattern of acts indictable as mail fraud. Mail fraud, in turn, occurs whenever a person, "having devised or intending to devise any scheme or artifice to defraud," uses the mail "for the purpose of executing such scheme or artifice or attempting so to do." § 1341. The gravamen of the offense is the scheme to defraud, and any "mailing that is incident to an essential part of the scheme satisfies the mailing element," *Schmuck v. United States,* 489 U.S. 705, 712, 109 S. Ct. 1443, 103 L.Ed.2d 734 (1989) (citation and internal quotation marks omitted), even if the mailing itself "contain[s] no false information," *id.,* at 715, 109 S.Ct. 1443.

*Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 1237-38.

The petitioners (defendants in the underlying district court RICO case), argued that "because the alleged pattern of racketeering activity consisted of acts of mail fraud, respondents must show that

3

they relied on petitioners' fraudulent misrepresentations." *Id.* at 2138. The petitioners argued that the respondents failed to state a claim under RICO because the alleged misrepresentations were made to the county and not the respondents, and the respondents therefore did not and could not have relied on them.

The Supreme Court flatly rejected this argument, stating:

> If petitioners' proposed requirement of first-party reliance seems to come out of nowhere, there is a reason: Nothing on the face of the relevant statutory provisions imposes such a requirement. Using the mail to execute or attempt to execute a scheme to defraud is indictable as mail fraud, and hence a predicate act of racketeering under RICO, even if no one relied on any misrepresentation. See *Neder v. United States,* 527 U.S. 1, 24-25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ("The common-law requiremen[t] of 'justifiable reliance' ... plainly ha[s] no place in the [mail, wire, or bank] fraud statutes"). And one can conduct the affairs of a qualifying enterprise through a pattern of such acts without anyone relying on a fraudulent misrepresentation.

*Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2138-39. The Court further observed that "no showing of reliance is required to establish that a person has violated § 1962(c) by conducting the affairs of an enterprise through a pattern of racketeering activity consisting of acts of mail fraud," *id.* at 2139, and that if reliance is required, then, it must be by virtue of § 1964(c), which provides the right of action, *id.* The Court rejected an interpretation of § 1964(c) as encompassing a reliance element because the language of the statute "states simply that '[a]ny person injured in his business or property by reason of a violation of section 1962' may sue for treble damages," and, "[m]oreover, a person can be injured 'by reason of' a pattern of mail fraud even if he has not relied on any misrepresentations." *Id.*

The Court also rejected the petitioners' arguments that first-party reliance should be imposed based on well-established common-law fraud principles and principles governing causation. With regard to the common law argument, the petitioners contended that under common-law fraud, "only the recipient of a fraudulent misrepresentation may recover for common-law fraud, and that he may do so 'if, but only if ... he relies on the misrepresentation in acting or refraining from action.' Restatement (Second) of Torts § 537 (1977)." *Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2139.

4

The Court rejected this argument explaining that "Congress chose to make mail fraud, not common-law fraud, the predicate act for a RICO violation. And 'the mere fact that the predicate acts underlying a particular RICO violation happen to be fraud offenses does not mean that reliance, an element of common-law fraud, is also incorporated as an element of a civil RICO claim.' *Anza, supra,* at 476 (THOMAS, J., concurring in part and dissenting in part)." *Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2141.

The Court also rejected the petitioners' argument that a plaintiff that brings a RICO claim based on mail fraud "must show that it relied on the defendant's misrepresentations in order to establish the requisite element of causation." *Id.* at 2141. In support of this argument, the petitioners cited the Court's prior reliance on common-law proximate-causation principles in *Holmes v. Securities Investor Protection Corporation,* 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992) and *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 126 S.Ct. 1991, 164 L.Ed.2d 720 (2006). *Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2142.

The Supreme Court recognized its prior holding in *Holmes* that 18 USC § 1964(c) requires a showing of proximate causation, but clarified that proximate causation is a "flexible concept" and is not necessarily always shown by first-party reliance on a misrepresentation. *Id.* at 2141-42.

With this backdrop, the Court found two flaws in the petitioner's proximate causation argument. First, the predicate act here is not common-law fraud, but mail fraud. Because the Court, as explained earlier in its opinion, rejected the petitioners' argument that "reliance is an element of a civil RICO claim based on mail fraud," *id.* at 2142, the Court saw "no reason to let that argument in through the back door by holding that the proximate-cause analysis under RICO must precisely track the proximate-cause analysis of a common-law fraud claim," *id.* at 2141.

Second, the Court explained, "while it may be that first-party reliance is an element of a common-law fraud claim, there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it." *Id.* at 2143. In other words, the Restatement "does not say that only those who rely on the misrepresentation can suffer a legally cognizable injury," and courts have long recognized that "a plaintiff directly injured by a fraudulent

5
Case 1:07-cv-00002  Document 76  Filed 07/18/2008  Page 9 of 12

misrepresentation [may] . . . recover even though it was a third party, and not the plaintiff, who relied on the defendant's misrepresentation." *Id.* at 2143. The Court further stated that:

> Nor is first-party reliance necessary to ensure that there is a sufficiently direct relationship between the defendant's wrongful conduct and the plaintiff's injury to satisfy the proximate-cause principles articulated in *Holmes* and *Anza*.

*Id.* at 2145.

Overall, the Court held:

> For the foregoing reasons, we hold that a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim *or* as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations. Accordingly, the judgment of the Court of Appeals is affirmed.

*Id.* at 2145 (emphasis added).

### B. The Supreme Court's Decision Supports a Finding that the SAC Adequately Alleges a RICO Claim.

As recognized by the Defendants themselves, the issue of whether reliance on the misrepresentation is a *key issue* in this case specifically because the Defendants have argued that MHC did not allege facts showing that it was injured by the mailings and faxes to the IRS and MHC's SAC therefore fails to state a RICO claim. The Defendants appear to argue that the Forms 941-SS sent to the IRS (i.e., the mailings), and the emails sent by the Defendants to MHC (i.e., the wire communications) themselves constitute the "predicate acts" of mail fraud and wire fraud, and because MHC did not rely on these mailings and wire communication, MHC was not injured by these acts.

The Supreme Court's opinion in *Phoenix Bond* severely undermines the Defendants' arguments and strongly supports a finding, as argued in MHC's opposition to the Defendants' Motion to Dismiss, that the allegations of SAC sufficiently allege a civil RICO cause of action.

From the principles announced in *Phoenix Bond*, the SAC adequately states a RICO claim based on mail and wire fraud. In the SAC, MHC alleged that the Individual Defendants used the mails and wires, sent to the IRS, MHC, and other clients of the Corporate Defendants, and that these mailings/wire communications contained misrepresentations. *See* SAC, ¶¶ 42-66. The SAC

also alleges that the Individual Defendants misrepresented and/or intentionally concealed material facts to MHC on various occasions (not necessarily through the mails or wires) that the Corporate Defendants were remitting the tax payments to the IRS. *See* SAC, ¶¶ 42-72. The SAC alleges that mailings/wire communications were used in furtherance of a scheme to defraud MHC and the other clients of the Corporate Defendants of funds designated for tax withholdings. *See* SAC ¶ 42-72. The SAC alleges that the mailings and/or wire communications made in furtherance of their scheme to defraud, and which were transmitted on many occasions, were distinct predicate acts of mail/wire fraud, the totality of which constituted a pattern of racketeering activity. *See* SAC ¶ 66. Furthermore, this use of the enterprise to conduct a pattern of racketeering activity injured MHC in that MHC had to pay the outstanding taxes owed and was assessed and paid penalties to the IRS. *See* SAC ¶ 73-95.

In accordance with the Supreme Court's holding in *Phoenix Bond*, reliance on the mailings or misrepresentations is not required to show (1) mail fraud, (2) a pattern of racketeering based on conduct constituting mail fraud, or (3) injury by reason of the pattern of racketeering activity. All that is required is that the plaintiff allege mail fraud, use of an enterprise in the pattern of racketeering activity, and that plaintiff was injured by reason of the pattern racketeering activity. Facts supporting each element was alleged in the SAC as summarized above and in MHC's Opposition to the Motion to Dismiss.

This Court should therefore reject the Defendants' argument that the SAC fails to allege that the mailings were the proximate cause of MHC's injury because MHC did not allege that it received and relied upon the mailings and facsimile sent to the IRS. Under *Phoenix Bond*, such a showing of reliance is simply not required to state a claim under RICO based on mail fraud. Even under the Defendants' theory that the allegations of the SAC show only that the Defendants had a scheme to defraud the IRS, and not MHC, the bottom line is that MHC was injured by the pattern of mail and wire fraud. *See Phoenix Bond & Indemnity Co.*, 128 S.Ct. at 2143 ("[T]he Restatement specifically recognizes a 'cause of action' in favor of the injured party where the defendant defrauds another for the purpose of causing pecuniary harm to a third person.").

7

Furthermore, this case states a clearer RICO violation claim than *Phoenix Bond*. In *Phoenix Bond*, the defendant's misrepresentations were made to the county through the false Single, Simultaneous Bidder Rule affidavits. By contrast, as alleged in MHC's complaint, as part of their scheme to defraud MHC, the Defendants made misrepresentations not only to the IRS, but also directly to MHC. As alleged in the SAC, MHC actually relied on the defendants' various misrepresentations, and such reliance directly caused MHC's injury. As the Supreme Court recognized, while first party reliance is not necessary to prove proximate causation, "proof that the plaintiff relied on defendant's misrepresentations may in some cases be sufficient to establish proximate cause." *Id.* at 2144. Because the SAC alleges that MHC itself relied on the misrepresentations, the pleadings in the present case offer a stronger showing, factually (as compared to the facts alleged in *Phoenix Bond*), that MHC was injured by the pattern of mail and wire fraud.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 18th day of July, 2008.

CIVILLE & TANG, PLLC

By: _____
JOYCE C.H. TANG
G. PATRICK CIVILLE
*Attorneys for Plaintiff Marianas Hospitality Corporation, dba Hyatt Regency Guam*